■ RUSTCON DEVELOPERS, INC., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 43627.) — REYNOLDS, J. Appeal by the State from a judgment of the Court of Claims in the sum of $9,840.28 based on an award for the appropriation in fee of a portion of claimant's property for purposes of highway construction. In December, 1963, the State appropriated approximately one-half acre from an 8.33 acre parcel located on Route 17-K in Orange County. Prior to appropriation the claimant had planned to use the land as a motel site and in fact initial development had proceeded to the point that land had been cleared and plans had been prepared by an architect and approved by the town building inspector and the State Department of Health. Because of the taking the prospective lessee refused to execute the lease and claimant's expert testified that claimant had expended a total of $5,120 in architectural fees, engineering fees and fees for the building permit which were now worthless since they could not be utilized or even modified assuming the construction of a motel facility, was still feasible on the remainder. The trial court found total direct damages of $8,870, $3,750 for the land, based on a value of $7,500 per acre, and $5,120 for the costs of plans and engineering. Quite clearly there is no legal basis for a separate award for engineering and planning costs incurred by the claimant. However, it seems equally clear that a prospective buyer wanting to develop the land for its highest and best use, i.e., for motel purposes, would consider the cost of these plans and the time that went into getting their approval. Thus

the cost of the plans should have been reflected in the market value of the property as an increment added to the value of the land considering its highest and best use but without existing and approved plans. (See *Banner Milling Co.* v. *State of New York*, 240 N. Y. 533, cert. den. 269 U. S. 582; *Brighton Plaza* v. *State of New York*, 32 Misc 2d 266; *Matter of City of N. Y.* [*Pelham Parkway Houses*], 197 Misc. 70.) This increment could reasonably amount to the actual cost of the expenditures, although it might be less or even be higher. Unquestionably both from the form of his decision and his acceptance of the before value of the State's expert which was based solely on the sale of vacant land, the trial judge did not consider the plans, etc. when he ascertained market value. However, we find no other error requiring reversal and on reviewing the entire record determine that the trial court's award should essentially be sustained despite the error noted. We find that the fair market value of the land before the taking to be $65,800, $60,800 testified to by the State's expert plus $5,000 to reflect the enhancement value of the existing and approved plans; and the after value $56,940, $7,300 per acre times the 7.8 remaining acres, for total direct damages of $8,860. Judgment modified, on the law and the facts, so as to reduce the award to $8,860 and appropriate interest, and to modify the findings in accordance herewith and, as so modified, affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J.