■ In the Matter of the Estate of DAVE SIMON, Deceased. REVA S. HART et al., Appellants; ROBERT BLACK et al., Respondents.— In consolidated proceedings, the appeal is from so much of a decree of the Surrogate's Court, Nassau County, dated July 30, 1973 and made after a hearing, as (1) dismissed on the merits a petition by appellant Reva Simon Hart (a) to set aside a sale of estate property and (b) to revoke letters testamentary and of trusteeship granted to respondent Black and (2) approved and confirmed said sale as of the date of the sale. Decree modified, on the law and the facts, by striking therefrom the second decretal paragraph, which approved and confirmed the sale as of the date of the sale. As so modified, decree affirmed insofar as appealed from, with costs to all parties appearing separately and filing separate briefs, payable out of the estate. We agree with the Surrogate's ultimate finding that Reva Simon Hart impliedly ratified and acquiesced in the executors' improper sale of estate property to a cofiduciary. Accordingly, she waived her right as a beneficiary of the estate to have the improper sale set aside (*Adair* v. *Brimmer,* 74 N. Y. 539, 553, 554; *Matter of Ryan,* 291 N. Y. 376, 417; Bogert, Trusts and Trustees [2d ed.], § 942). Furthermore, we note that the Surrogate's refusal to remove Black as an executor and testamentary trustee is within the proper exercise of his discretion (SCPA 713; *Matter of Israel,* 64 Misc 2d 1035, 1043; *Matter of Edwards,* 274 App. Div. 244, 247–248). We disagree, however, with the Surrogate's retroactive approval of the sale in question. The terms of the sale were clearly not in the best interests of the estate. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.

■ In the Matter of LUCILLE SMITH, Petitioner, v. ABE LAVINE, as Commissioner of the Department of Social Services of the State of New York, et al., Respondents.— In this proceeding pursuant to article 78 of the CPLR, *inter alia,* (1) to review a determination of the Department of Social Services of the State of New York, rendered June 22, 1972, which, after a statutory fair hearing, affirmed a determination of the Department of Social Services of the City of New York to discontinue a grant of " aid to dependent children" to petitioner, and (2) in the alternative, to set aside a bond and mortgage given by petitioner to respondent commissioner of said city agency, the respondent commissioner of said State agency has moved to dismiss the petition pursuant to CPLR 3211 on the ground that the petition fails to state a cause of action. Motion denied, with $20 costs. The time within which the commissioner of said State agency may serve his answer to the petition, with supporting affidavits, if any, is extended until 20 days after entry of the order to be made hereon; and a reply, if any, may be served within five days after service of such answer. Until interposition of such answer and supporting affidavits, if any, and a reply, if any, determination of this proceeding on the merits as against both respondents will be held in abeyance. There are questions of fact whether petitioner's request for discontinuance of her grant was voluntary (*Lawson* v. *Brown,* 349 F. Supp. 203, 206) and whether and to what extent termination or reduction of installment payments, in order to recoup, may be justified (*Norton* v. *Lavine,* 74 Misc 2d 590, 598, citing *Matter of Ryan* v. *New York State Dept. of Social Servs.,* 40 A D 2d 867). Since the motion to dismiss was addressed to the petition as a whole, it must be denied in its entirety (*De Maria* v. *Josephs,* 41 A D 2d 655). Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.