■ In the Matter of the Estate of LEON J. KANE, Deceased. RUTH K. RODGERS et al., as Administrators of the Estate of LEON J. KANE, Deceased, Respondents; ALICE REED, Appellant. — Appeal from that portion of an order of the Surrogate's Court of Otsego County (Kepner, Jr., S.), entered November 22, 1982, which dismissed an objection to the final account of the estate of Leon J. Kane challenging the adequacy of the sale price received for decedent's real property. Following a nonjury trial on three objections filed to an estate final accounting, the Surrogate dismissed the contention that the coadministrators abused their discretion in selling real estate property rather than distributing it in kind to the intestate's family members; dismissed the contention that the sale price in reliance upon the lower of two appraisals was inadequate; and reduced the estate's attorney's fees. The objectant has appealed only from dismissal of her objection that the sale of the property "was inadequate, being far less than its fair market value". The trial court was confronted not only with factual questions as to the wisdom of the fiduciaries' judgment, but also with the propriety of the conduct of their attorney. While in possession of an appraisal from a reputable realtor, one Johnson, showing the property value at $47,175 ($425 per acre), the attorney and the coadministrators determined that such price was "totally unrealistic". A second appraiser named Cade, who had done much business with the estate's attorney, was retained and valued the property at $22,200 ($200 per acre). After receipt of the Cade appraisal, the attorney submitted a proposal to the 15 distributees whereby the property would be conveyed in kind to five of them and cash distributed to the remaining relatives. This would have effected the intestate's avowed intentions that the property pass to his heirs. The objectant and two other distributees disagreed with the proposal, whereupon the coadministrators decided to sell. The property was sold for $22,500 to the wife of a local attorney who was a close personal friend of the estate's attorney. The estate attorney failed to disclose both his friendship with the purchaser and the higher appraisal to the

objectant's lawyer, who had questioned whether the transaction was at arm's length. It further appears that the estate's attorney and the coadministrators never advertised the property for sale, did not list it with a real estate broker and accepted the purchaser's first offer without further negotiation. While noting the impropriety of the manner of sale, the Surrogate dismissed the objection inasmuch as the property was sold for more than the Cade appraised value, which the court determined was the "more realistic" of the two appraisals. The pivotal issue in this case is whether the Surrogate's determination that the estate's real property was sold at an adequate price is supported in the record. Valuation being a question of fact, our inquiry is limited to whether the trial court's findings are against the weight of the credible evidence (*Conti v Henkel,* 60 AD2d 678, mot for lv to app den 44 NY2d 641; *Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052). We find no error in the court's accreditation of the Cade appraisal. Review of the record shows that the Johnson appraisal was seriously flawed in that undue emphasis was placed on the "asking prices" of property yet to be sold, and parcels of considerably less acreage than the subject parcel were utilized as comparables (see 3 Warren's Heaton, Surrogates' Courts [6th ed], § 238, par 8). By comparison, Cade utilized a list of comparables secured after conferring with the Town of Hartwick assessor, comprised of actual sales of neighboring real estate. Cade was a licensed appraiser with approximately 29 years of experience. In our view, the court's determination was properly within the range of opinion presented. A more difficult problem is encountered with the method of sale and the improprieties aptly noted by the Surrogate. Pursuant to EPTL 11-1.1 (subd [b], par [5], cl [B]), the coadministrators were authorized "[t]o sell the [property] at public or private sale, and on such terms as in the opinion of the fiduciary will be most advantageous to those interested therein". Despite the wide range of discretion thus conferred upon administrators as to the price, conditions and terms of sale of estate property (see 3 Warren's Heaton, Surrogates' Courts [6th ed], § 256, par 6, subds [c], [d]), their actions as fiduciaries must still comport with the best interest of the estate. The same standard has been held to apply to the attorney for the fiduciary (see *Matter of Clarke,* 12 NY2d 183, 187). Here, it is undisputed that the subject parcel was neither advertised for sale nor listed with a realtor and was sold, without negotiation, to the first prospective purchaser. Such omissions raise the possibility that a higher sale price may have been procured. Nonetheless, the amount received was in excess of the accredited appraised value and the objectant has failed to establish that the property was sold for less than its fair market value or that a higher purchase price was obtainable. While the better practice is to pursue procedures designed to secure an appropriate purchase price, such as advertising and/or listing the parcel with a realtor, the method of sale utilized here did not work any discernible damage to the estate. Nor do we perceive any genuine conflict of interest resulting from the uncontroverted fact that several of the parties involved in this proceeding, including the coadministrators, the estate's attorney, the appraiser, the purchaser and the Surrogate, knew each other in either a personal and/or professional capacity. This coincidence was not shown to be anything other than the natural consequence of living and working in a small community. These circumstances prevailing, we cannot say that the Surrogate erred in his decision. Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.