■ In the Matter of the Estate of PATSY PATI, Deceased.—Decree unanimously modified on the law and facts and as modified affirmed with costs to objectant-respondent and matter remitted to Chautauqua County Surrogate's Court, for further proceedings, in accordance with the following memorandum: Frank Pati and Caroline Graziano, coexecutors of the estate of Patsy Pati, appeal from a decree which removed them as coexecutors of the estate, revoked letters testamentary and letters of trusteeship, surcharged them various sums, and denied them commissions.

Patsy Pati died testate on February 2, 1986. The principal assets of his estate were his 23-acre grape farm and various items of farm equipment. The farm land was improved by a two-story wood-frame dwelling and barn, and included approximately 10 acres of vineyards. Patsy's will established a testamentary trust for the benefit of his son, Adolph John Pati (referred to as John), and named Frank Pati and Caroline Graziano, the testator's brother and sister, cotrustees and coexecutors. The terms of the trust provided that John was to receive income and principal as necessary for his support, education and maintenance until he reached 21 years of age; that when John was 21, one third of the remaining principal was to be paid to him; that thereafter he was to receive one half the remaining principal at age 31 and the entire balance of the trust fund at age 41. The net income from the trust fund was to be paid to John quarterannually after he attained 21 years of age. At the time of Patsy's death, John was an 18-year-old student at the Boston Conservatory.

The executors had the farm and equipment appraised. The real estate was appraised twice and valued at $53,500 and $59,550, respectively; the equipment was valued at $12,825. The estate also included, among other things, household furnishings and other personal property which was valued at $1,440. The grape farm was listed for sale with a real estate broker at a selling price of $75,000, but the executors also permitted their nephew and his wife, Alan and Peggy Pati, to move into the property. Alan and Peggy did not pay rent, but, with the assistance of other relatives, they made improvements and renovations to the dwelling, including redecorating the interior. The executors charged the expense of these improvements to the estate. Thereafter, on August 1, 1986,

the farm and equipment were sold "as is" on a land contract to Alan and Peggy Pati for $55,000. The terms of the land contract required Alan and Peggy to make only interest payments for the first two years of the contract. The contract also provided that Alan and Peggy were to make a $15,000 "balloon-type" payment on the principal on July 1, 1988, a date proximate to John Pati's 21st birthday. This resulted, however, in the trust remaining largely unfunded and thus inadequate to provide for John's support, education, and maintenance.

John filed objections to the estate accounting on the following grounds:

1. that the farm was sold at a price approximately $10,000 less than the appraised value;

2. that the terms of that sale were against the interest of the testator since it left the trust largely unfunded and inadequate to provide for John's education;

3. that the household furnishings were not listed;

4. that the household repairs were not reasonable and necessary expenses of the estate but were for the benefit of Alan and Peggy Pati; and

5. that the executors had not properly exercised their fiduciary duties and should not receive commissions.

After a hearing on the objections, the Surrogate determined that the coexecutors had breached their fiduciary duties, and he removed them as coexecutors and cotrustees. The court surcharged them $11,000 for selling the farm and equipment below fair market value; $1,440 for the value of the estate personal property; $1,852.21 as the value of unauthorized repairs to the farmhouse; and $2,500 for the objectant's legal fees and expenses. They were also denied coexecutor-cotrustee commissions.

We find that the Surrogate's determinations that the property was sold below fair market value and that the expenditures for repairs and renovations to the dwelling were unauthorized are not against the weight of the credible evidence (see, Matter of Kane, 98 AD2d 851, lv denied 61 NY2d 607). We thus affirm that portion of the order as surcharged the executors the sums of $11,000 and $1,852.21, respectively. It is clear, however, that the surcharge of $1,440 as the value of personal property omitted from the estate account should be vacated. The household furnishings were listed, sold and accounted for by the executors. They were sold in an arm's length transaction to a disinterested party for $960.

The Surrogate failed to make findings regarding whether a television set, gun, and set of tools were estate assets. The matter must be remitted to the Surrogate to make such findings and, if required, to establish their value and make an appropriate disposition.

Finally, the Surrogate did not abuse his discretion in removing the executors (*see,* SCPA 713; *Matter of Simon,* 44 AD2d 570, *lv denied* 34 NY2d 516), disallowing commissions (*see, Matter of Smith,* 91 AD2d 789), or awarding attorney's fees to the law firm representing the objectant (*see, Cooper v Jones,* 78 AD2d 423; *Matter of Freeman,* 40 AD2d 397, *affd* 34 NY2d 1). (Appeal from decree of Chautauqua County Surrogate's Court, Cass, S.—estate accounting.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.