■ ALAN WEISS et al., Respondents, v JOSEPH BERARDI, Defendant, and MICHAEL GIACINTO et al., Appellants. [655 NYS2d 1020] —In an action to recover damages, *inter alia,* for breach of contract and breach of implied warranty, the defendants Michael Giacinto and Karam Associates appeal (1) from a decision of the Supreme Court, Westchester County (Scarpino, J.), dated November 28, 1995, which, after a nonjury trial, found that the plaintiffs were entitled to recover the principal sum of $67,387.16 from the defendants, and (2) as limited by their brief, from so much of a judgment of the same court, dated December 20, 1995, entered upon the decision as is in favor of the plaintiffs and against the appellants in the principal sum of $67,387.16.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

It is well settled that a determination made by a court after a nonjury trial should not be disturbed on appeal unless it is clear that its conclusions could not have been reached under any fair interpretation of the evidence *(see, Bucci v Bucci,* 231 AD2d 665; *KBF Pollution Mgt. v Interstate Litho Corp.,* 213 AD2d 452). The findings of the trial court are amply supported by evidence of defects in workmanship and in the construction of the new house and driveway *(see,* General Business Law § 777-a [2] [b]; *see also, Caceci v Di Canio Constr. Corp.,* 72 NY2d 52; *Merritt v Hooshang Constr.,* 216 AD2d 542, 544). Contrary to the appellants' contention, the plaintiffs' written notices adequately set forth the nature of the defects at issue *(see,* General Business Law § 777-a [4] [a]).

The plaintiffs' response to the appellants' demand for expert information disclosed "in reasonable detail the subject matter on which [the] expert is expected to testify" (CPLR 3101 [d] [1] [i]). The appellants were aware, prior to trial, of the substance of the testimony of the plaintiffs' expert regarding construction deficiencies and suffered no prejudice by reason of the admission of such testimony *(see, Fuoco v County of Nassau,* 223 AD2d 668; *Beard v Brunswick Hosp. Ctr.,* 220 AD2d 550).

The interest on the judgment was correctly computed from the date the implied "Housing Merchant" *(Caceci v Di Canio Constr. Corp.,* 72 NY2d 52, 55 *supra)* warranty was breached, that is, the day that title to the premises closed *(see,* CPLR 5001 [b]; *see also, Caceci v Di Canio Constr. Corp., supra,* at 56; *Kaiser v Fishman,* 187 AD2d 623, 627-628; *Cotazino v Basil Dev. Corp.,* 167 AD2d 632, 635).

The appellants' remaining contentions are without merit. Pizzuto, J. P., Altman, McGinity and Luciano, JJ., concur.