■ In the Matter of the Acquisition of Easements by ALBANY COUNTY AIRPORT AUTHORITY, Appellant. GEORGE F. BUHRMASTER, Respondent. [698 NYS2d 336] —Crew III, J. Appeals (1) from an order of the Supreme Court (Battisti, Jr., J.), entered October 29, 1998 in Albany County, which, in a proceeding pursuant to EDPL article 5, determined the compensation due claimant as a result of petitioner's acquisition of certain easements, and (2) from the judgment entered thereon.

Claimant is the owner of certain real property located at 15 Buhrmaster Road in the Town of Colonie, Albany County, north of the primary runway for the Albany County Airport. The parcel in question, which consists of approximately 1.4 acres of land, is improved with a ranch-style, single-family residence and both an attached and detached garage and is located in an A-2 residential zoning district.

By order entered March 25, 1996, Supreme Court (Teresi, J.) granted petitioner an avigation easement and permanent right-of-way over the entire parcel, pursuant to the terms of which petitioner was granted the right to clear the land of any and all obstructions infringing upon or extending above the inclined plane of the airspace; to enter claimant's land for the purpose of cutting and/or removing trees, underbrush and soil and to demolish and remove obstructions; to install obstruction lights on existing and future buildings as required now or in the future by the Federal Aviation Administration; to install power lines to service such lights; and to enter claimant's land for the purpose of constructing, servicing and maintaining the aforementioned lights and power lines. Thereafter, in October 1997, claimant filed an amended claim seeking compensation for the subject acquisition. A nonjury trial ensued, during the course of which the parties submitted the reports and testimony offered by their respective appraisers. At the conclusion thereof,

Supreme Court accepted the damages figure calculated by claimant's appraiser and awarded claimant judgment in the net amount of $105,000, together with interest and costs, prompting this appeal by petitioner.

We affirm. Although the matter now before us involves an adjoining piece of property that was the subject of a separate trial, the issues raised by petitioner on the instant appeal are in large measure resolved by reference to our decision in the companion case of *Matter of Acquisition of Easements by Albany County Airport Auth. (Albany County Airport Auth.—Buhrmaster [Edward])* (265 AD2d 720 [decided herewith]). Once again, petitioner assails the appraisal prepared by claimant's appraiser, Kenneth Gardner, contending, for a variety of reasons, that the subject appraisal is fundamentally flawed and, as such, cannot support the award of damages fashioned by Supreme Court. Once again, we find such arguments to be lacking in merit.

To the extent that petitioner faults claimant's appraisal due to Gardner's failure to employ a strict postacquisition comparable sales analysis, we find, as we did in the companion case, that such report more than adequately explains why this valuation approach was not possible and fully delineates the methodology used to arrive at the underlying "functional utility adjustment" (*see, id.*, at 721). We reach a similar conclusion regarding petitioner's assertion that such appraisal failed to appropriately characterize the damages calculated and/or allocate such damages to the various components of the avigation easement and permanent right-of-way granted to petitioner. Again, a review of the record reveals that claimant pleaded and proved consequential damages, and we have no quarrel with Gardner's decision to view the taking in its entirety, as opposed to specifically delineating the particular monetary value of each right granted under the avigation easement and right-of-way to petitioner (*see, id.*).

Finally, we perceive no basis upon which to set aside Gardner's determination that the property in question suffered an 80% reduction in value following acquisition by petitioner. Petitioner asserts that such a reduction is ludicrous in view of the fact that the subject parcel is farther away from the Albany County Airport than the parcel at issue in the companion case, which Gardner concluded suffered only a 70% reduction in value as a result of the taking (*see, id.*). Petitioner's argument on this point, however, overlooks the zoning differences that exist between claimant's parcel and the parcel under review in the companion case. As Gardner summarized in his report:

"the subject property is believed to have some utility after the acquisition, however most uses would be subject to a zoning change or variance as the property is located in a Residence A-2 Zoning District not permitting the limited commercial uses that would be most likely conducted on the subject property." Thus, the defining difference between the two parcels and, hence, the explanation for the respective reductions in value, is not, as petitioner contends, proximity to the Albany County Airport but, rather, the underlying zoning classifications.

In short, despite the various challenges put forth by petitioner, we cannot say that Supreme Court erred in crediting Gardner's assessment of damages. As Supreme Court's decision in this regard is supported by the record as a whole, the underlying order and judgment are affirmed. Petitioner's remaining contentions, to the extent not specifically addressed or effectively resolved by our decision in *Matter of Acquisition of Easements by Albany County Airport Auth. (Albany County Airport Auth.—Buhrmaster [Edward])* (*supra*), have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the order and judgment are affirmed, without costs.