■ In the Matter of the Acquisition of Easements by ALBANY COUNTY AIRPORT AUTHORITY, Appellant. EDWARD I. BUHRMAS-TER, SR., et al., Respondents. [696 NYS2d 305] —Crew III, J. Appeals (1) from an order of the Supreme Court (Battisti, Jr., J.), entered October 29, 1998 in Albany County, which, in a proceeding pursuant to EDPL article 5, determined the compensation due claimants as a result of petitioner's acquisition of certain easements, and (2) from the judgment entered thereon.

Claimants are the owners of certain real property located at 9 Buhrmaster Road in the Town of Colonie, Albany County, just north of the primary runway for the Albany County Airport. The parcel in question consists of approximately 1.67 acres of land, which is improved with a two-story, single-family residence and detached three-bay garage. The majority of the parcel is located in a business zoning district, with the balance located in an A-2 residential zoning district. A portion of the property, consisting of approximately 0.37 acres, is encumbered by an air easement granted to petitioner in 1983 which, inter alia, gave petitioner the right to fly aircraft above the parcel in question and, significantly, constituted a waiver on behalf of claimants and their successors in title of any and all claims or causes of action related to noise or air pollution.

By order entered March 25, 1996, Supreme Court (Teresi, J.) granted petitioner an avigation easement and permanent right-of-way over the entire 1.67-acre parcel, pursuant to the terms of which petitioner was granted the right to clear the land of any and all obstructions infringing upon or extending above the inclined plane of the airspace; to enter claimants' land for the purpose of cutting and/or removing trees, underbrush and soil and to demolish and remove obstructions; to install obstruction lights on existing and future buildings as required now or in the future by the Federal Aviation Administration; to install power lines to service such lights; and to enter claimants' land for the purpose of constructing, servicing and maintaining the

aforementioned lights and power lines. Thereafter, in September 1996, claimants filed a claim seeking compensation for the subject acquisition. A nonjury trial ensued, during the course of which the parties submitted the reports and testimony offered by their respective appraisers. At the conclusion thereof, Supreme Court accepted the damages figure calculated by claimants' appraiser and awarded claimants judgment in the net amount of $90,000 together with interest and costs, prompting this appeal by petitioner.

Although petitioner's brief sets forth a number of arguments, the crux of petitioner's appeal is that the appraisal rendered by claimants' appraiser, Kenneth Gardner, is fundamentally flawed and, therefore, Supreme Court erred in adopting the amount of damages set forth therein. For the reasons that follow, we find this argument to be lacking in merit and, accordingly, affirm Supreme Court's order and the judgment entered thereon.

Petitioner initially assails claimants' appraisal based upon Gardner's failure to employ a strict "comparable sales" approach in determining the subject parcel's postacquisition value. Specifically, petitioner challenges the "functional utility adjustment" made by Gardner reflecting his conclusion that the property suffered a 70% reduction in value following acquisition by petitioner. We find petitioner's argument on this point to be unpersuasive. As a starting point, the appraisal prepared by Gardner explains in detail why a strict postacquisition comparable sales analysis was not possible, including the fact that there simply were "no parcels of similar properties that [had] sold in [the subject] marketing area with similar restrictions resulting from an avigation easement and permanent right-of-way". Absent such sales, Gardner drew upon his experience in valuing out-of-area parcels encumbered by similar easements to determine the appropriate functional utility adjustment. Although the specifics of such out-of-area sales admittedly are not set forth in the underlying appraisal, the basis for Gardner's 70% reduction in value is more than adequately set forth in both the appraisal and his trial testimony. Thus, even assuming, without deciding, that the failure to set forth the out-of-area sales data violated the spirit of 22 NYCRR 202.59 (g) (2),* we decline the invitation to set aside claimants' appraisal on this basis.

---

* 22 NYCRR 202.59 (g) (2), which is applicable to appraisals in eminent domain proceedings pursuant to 22 NYCRR 202.61 (c), provides, in relevant part, as follows: "If sales, leases or other transactions involving comparable properties are to be relied on, they shall be set forth with sufficient particular-

Nor are we persuaded that Supreme Court erred in adopting the overall damages figure calculated by Gardner. In this regard, we reject petitioner's assertion that claimants' appraisal failed to adequately set forth, categorize and explain the basis for the monetary damages determined therein. While it is true that the report prepared by Gardner allocates all of claimants' damages to "direct damages", even a cursory review of the record reveals that claimants pleaded and proved a diminution in the value of the property following the taking and, hence, have established consequential damages. Accordingly, we deem any mischaracterization of the type of damages actually awarded to be inconsequential.

Similarly unavailing is petitioner's contention that Gardner's failure to "break down" the damages attributable to the various aspects of the avigation easement and right-of-way, i.e., the right of ingress and egress, the right to cut and trim vegetation, and the right to install lights and power lines, renders the appraisal deficient and the damages calculated unsupported by the record. Upon reviewing the subject appraisal, it is apparent that Gardner attempted to address the effect of the taking on the market value of the property in its entirety. As Gardner noted in the appraisal: "In many ways, the taking of the avigation easement and permanent right-of-way is tantamount to a complete fee taking as virtually all rights of ownership are either acquired or controlled by the unrestricted rights of access upon and over the subject property, as well as the unrestricted rights to place obstruction lights and power lines upon, under and over any portion of the subject property." The foregoing passage, in our view, aptly summarizes the effect of the taking and, under such circumstances, we see no basis for setting aside Gardner's report based upon his failure to specifically delineate the particular monetary value of each right granted under the avigation easement and right-of-way to petitioner.

As for Supreme Court's decision to credit the appraisal prepared by Gardner as opposed to the appraisal prepared by petitioner's expert, Leonard Berdan, it is well settled that "the trial court enjoys broad discretion in that it can reject expert testimony and arrive at a determination of value that is either within the range of expert testimony or supported by other evidence and adequately explained by the court" (*ARC Machining & Plating v Dimmick*, 238 AD2d 849, 850). We perceive no

---

ity as to permit the transaction to be readily identified, and the report shall contain a clear and concise statement of every fact that a party will seek to prove in relation to those comparable properties."

abuse of that discretion here. Although Berdan testified at trial that he indeed considered the effect of the various rights granted to petitioner under the avigation easement and right-of-way, it is apparent from a review of both his report and his testimony that he greatly discounted the impact of the taking, finding that the subject easement and right-of-way constituted "a minor encumbrance" that only "impaired the property somewhat" and still left claimants with "a significant bundle of rights that would be desirable in the marketplace". Such opinion, in our view, is undercut by the plain language of the easement and right-of-way in question and ignores the fact that the proper measure of damages is based upon what petitioner has a right to do, not simply whether petitioner has in fact exercised or intends to exercise all of the rights it has acquired (*see, Wolfe v State of New York*, 22 NY2d 292, 295). Here, given the broad language of the easement and right-of-way, we cannot say that Supreme Court erred in crediting Gardner's assessment of damages. Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the order and judgment are affirmed, without costs.