■ In the Matter of the Acquisition of Real Property by CNG TRANSMISSION CORPORATION, Appellant. JAMES R. GREEN et al., Respondents. [710 NYS2d 670] —Carpinello, J. Appeal from a judgment of the Supreme Court (Marinelli, J.), entered January 26, 1999 in Albany County, which, in a proceeding pursuant to EDPL article 5, determined the compensation due claimant Thomas B. Green as a result of petitioner's acquisition of real property.

Claimant Thomas B. Green (hereinafter claimant) is the owner of real property located in the Town of Bethlehem, Albany County. The 92,566 square-foot parcel is vacant and was purchased by claimant and a family member in 1989 in or-

der to develop retail and office facilities, uses permitted in the commercial zoning district within which it lies. Claimant expended substantial funds between 1991 and 1994 on, *inter alia*, surveying costs, architectural fees, archeological studies and storm drainage studies in furtherance of his plans to develop the parcel. His plans were forestalled, however, when in 1994 petitioner was authorized to construct a natural gas pipeline through Bethlehem. Petitioner was granted a permanent right-of-way easement, together with a temporary easement for construction purposes, over the subject parcel precipitating this claim for compensation.

At the nonjury trial which followed, the parties submitted divergent appraisal reports and testimony concerning the before and after values of the subject parcel. Claimant further sought to have $220,000 added to the market value of the property, representing its enhanced value as a result of the costs incurred to develop it. Supreme Court found one particular comparable sale utilized by claimant's expert in his appraisal to be the most comparable to the subject property (hereinafter comparable sale No. 1) and therefore used it as a foundation for its decision. It gave little or no weight to all other comparable sales submitted by both parties. After determining that the costs associated with the proposed development of the property enhanced its value by $107,234.75, Supreme Court calculated its before-taking value (as enhanced) at $630,000 and its after-taking value at $375,500, but awarded claimant judgment in the net amount of "$256,500" (not $254,500) together with interest. The court also computed the rental value of the temporary easement to be $8,081. Petitioner appeals.

The measure of just compensation for condemned property "generally is market value at the time of appropriation, that is, the price a willing buyer would have paid a willing seller for the property" (*Matter of Town of Islip [Mascioli]*, 49 NY2d 354, 360) and the appraisal "should be based on the highest and best use of the property even though the owner may not have been utilizing the property to its fullest potential when it was taken" (*id.*, at 360; *see, Matter of County of Clinton [Gagnon]*, 204 AD2d 898, 899). In this regard, it is well established that the cost of construction plans or site preparation may be considered in determining the market value of a condemned parcel (*see, e.g., Matter of Rochester Urban Renewal Agency v Taddeo*, 55 AD2d 1042, *lv denied* 41 NY2d 804; *Specialty Foods Corp. v State of New York*, 46 AD2d 989, *lvs dismissed* 37 NY2d 706, 751; *Rustcon Developers v State of New York*, 33 AD2d 582).

Here, Supreme Court found the highest and best use of the property to be for commercial development, a finding not seriously disputed by petitioner. It further determined that $107,234.75 should be added to the market value of the property, representing the property's enhanced value as a result of claimant's development plans. Although the court failed to specify how it arrived at this particular figure—claimant submitted evidence that a positive adjustment of $220,000 was warranted for development plans and petitioner submitted evidence that a "small adjustment" only was warranted—neither party seriously takes issue with this finding either.

Petitioner does argue, however, that Supreme Court erred in adopting comparable sale No. 1 as the basis of its valuation because it was derived from the sale of two contiguous lots with existing structures, whereas the subject parcel was purchased from one owner and vacant. Relatedly, petitioner argues that the court should have credited the testimony and appraisal of its expert, which established the before-taking value of the property to be $110,500 and the after-taking value to be $105,190. It was within Supreme Court's broad discretion to accept or reject expert testimony in determining the value of condemned property (*see, e.g., Matter of Albany County Airport Auth. [Buhrmaster]*, 265 AD2d 720, 722, *lv denied* 94 NY2d 758; *Matter of Adirondack Hydro Dev. Corp. [Warrensburg Bd. & Paper Corp.]*, 205 AD2d 925, 926; *see also, ARC Machining & Plating v Dimmick*, 238 AD2d 849, 850). Faced with divergent appraisals from the parties' respective appraisers and further faced with varying comparable sales within each appraisers' report, Supreme Court found comparable sale No. 1 to be the most analogous to the subject property and utilized it as the foundation for its valuation. We discern no abuse of discretion in the court's decision to do so.

This particular comparable was similar to the subject property in many significant aspects, i.e., the property itself was in close proximity to the subject property and within the same commercial zoning district, the property was closest in size to the subject and sold closest in time to the instant condemnation. Although the parcel derived from the sale of two contiguous lots, there is no evidence that this factor resulted in an overinflated sale price. Moreover, while each of the parcels was improved with a structure at the time of the sale, it was the intention of the purchaser to demolish both structures, an event which indeed took place. Further, according to the unrefuted testimony of claimant's appraiser, the costs associated with the demolition offset any increased costs attributable to the assemblage.

While we have no quarrel with Supreme Court's decision to credit the testimony and report offered by claimant's appraiser, particularly utilizing comparable sale No. 1 as the foundation for its valuation, the court was required to address in its decision the basis for deviating from the figures utilized in this appraisal and the basis for its ultimate valuation (*see, Matter of Adirondack Hydro Dev. Corp. [Warrensburg Bd. & Paper Corp.], supra,* at 926). This the court failed to do.

The before-taking value of the condemned property as calculated after a per square foot comparison with comparable sale No. 1 was $489,859 and claimant's appraiser testified that the after-taking value was $415,000. Adding $107,234.75 (the enhanced value found by Supreme Court as a result of claimant's development plans) to this former figure, the before-taking value based on comparable sale No. 1 would have been $597,093.75. Since the court's determination to accept comparable sale No. 1 was adequately explained and supported by the record, the court could have simply adopted this figure without explanation (*see, Matter of County of Dutchess [285 Mill St.],* 186 AD2d 891). Instead, after noting that it was going to *discount* the determined values to reflect incomplete "rezoning," Supreme Court valued the subject property prior to taking at $630,000 without an explanation as to how it arrived at this particular figure or how this *enhanced* figure actually constitutes a "discount." Nor did the court explain the derivation of its after-taking value of $375,500. Because we are unable to discern from the record the rationale for the court's final valuation figure, particularly given its apparent intention to *discount* the figures contained in comparable sale No. 1 but its subsequent act of assigning a higher value, we find it appropriate to remit the matter to Supreme Court to make explicit findings in this regard (*see, Matter of Adirondack Hydro Dev. Corp. [Warrensburg Bd. & Paper Corp.], supra,* at 926).

As a final matter, although both parties agree that Supreme Court erred in calculating the reimbursement value of the temporary easement at $8,081, petitioner claims that it should be $575 for the three months that it was in effect and claimant contends that it should be $680. As there does not appear to be a basis in the record for the $8,081 awarded by Supreme Court, remittal on this issue is also warranted. Upon remittal, Supreme Court is directed to recalculate the value of the temporary easement.

The remaining issues have been examined and found to be without merit.

Crew III, J. P., Peters, Graffeo and Mugglin, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.