■ In the Matter of the Acquisition of Real Property by CNG TRANSMISSION CORPORATION. CNG TRANSMISSION CORPORATION, Appellant; JAMES R. GREEN et al., Respondents. [736 NYS2d 147] —Carpinello, J. Appeal from a judgment of the Supreme Court (Marinelli, J.), entered April 10, 2001 in Albany County, which, in a proceeding pursuant to EDPL article 5, determined the compensation due claimant Thomas B. Green as a result of petitioner's acquisition of real property.

At issue in this proceeding is the appropriate compensation due claimant Thomas B. Green (hereinafter claimant) as a result of petitioner's construction of a natural gas pipeline over his parcel of land located in the Town of Bethlehem, Albany County. In a previous decision of this Court, we remitted the matter to Supreme Court for further proceedings as we were unable to reconcile the court's factual findings with its final valuation figure (273 AD2d 726). Upon remittal, the court issued a new decision wherein it recalculated claimant's compensation to be $282,363.99. Notably, the court did make an effort to more adequately explain its rationale in arriving at this final valuation figure. Petitioner again appeals.

On appeal, petitioner does not take serious issue with Supreme Court's findings, which rely on the appraisal and testimony of claimant's expert witness, that the before-taking value of the property is $489,674.14 and that the after-taking value is $415,000. Indeed, on remittal, the court adequately explained how it arrived at each of these particular figures. Petitioner does take issue, however, and correctly so, with Supreme Court's recalculated enhancement value of the prop-

erty attributable to costs incurred by claimant to develop it.[1] In reliance on a statement of development expenses submitted by claimant within his expert's appraisal, Supreme Court determined that the property has an enhanced value of "$207,689.85."[2] At trial, however, this expert opined that the amount set forth on this statement must be reduced by "approximately $78,000 worth of acquisition costs" in arriving at an appropriate enhancement value. Supreme Court nevertheless included this sum within the final enhancement value without explaining why it was deviating from claimant's own expert's opinion on the matter. This being the case, we agree with petitioner's claim that, to the extent the final enhancement figure includes this $78,000 sum, it is without adequate explanation or foundation.[3] The enhancement figure should therefore be reduced by $78,000 in accordance with the testimony of claimant's own expert witness, and claimant's overall compensation award should accordingly be reduced to $204,358.99, plus interest.[4]

Petitioner's remaining contentions have been reviewed and found to be unavailing.

Spain, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reducing the compensation award due claimant Thomas B. Green to $204,358.99, with appropriate interest, and, as so modified, affirmed.

---

1. As noted in our prior decision, "the cost of construction plans or site preparation may be considered in determining the market value of a condemned parcel" (273 AD2d 726, 727, *supra*).

2. Although not noted by either party, Supreme Court's figure in this regard contains a minor mathematical error and actually should be $207,684.85. The court's final figure represents the total amount outlined as expenses on the statement of costs ($207,888.60) minus two minor banking expenses not allowed by the court ($203.75). To be sure, $207,888.60 − $203.75 = $207,684.85 and not $207,689.85.

3. Notably, claimant makes little effort to justify Supreme Court's inclusion of this sum in calculating the enhancement figure. Indeed, claimant alternatively argues that, in the event an error is found by this Court concerning the final enhancement figure, we should simply reduce same by $78,000 in the interest of judicial economy.

4. This figure is derived in the following manner: $489,674.14 (before taking value of property) + $129,684.85 (corrected enhancement value of property) = $619,358.99 − $415,000 (after taking value of property) = $204,358.99.