In the Matter of the Estate of CLEMENT E. PIOTROWSKI, Deceased. RAYMOND M. PIOTROWSKI, as Executor of CLEMENT E. PIOTROWSKI, Deceased, Appellant; SHIRLEY PIOTROWSKI, Respondent. (And Another Related Proceeding.) [809 NYS2d 239]—

Mercure, J. Appeals (1) from an order of the Surrogate's Court of Schenectady County (Kramer, S.), entered August 25, 2004, which valued a parcel of land in which decedent had an interest, and (2) from a decree of said court, entered May 9, 2005, which settled decedent's estate pursuant to the prior order.

After decedent's death in June 1995, his will was admitted to probate and respondent filed a claim to take her elective share of decedent's estate. The matter proceeded to trial in June 2004. The sole issue before Surrogate's Court was the valuation at the time of decedent's death of an approximately 421-acre parcel of land, of which decedent owned a one-third share. The parcel is located in the Village of Scotia and the Town of Glenville, Schenectady County, and is separately zoned for commercial (326 acres), industrial (65 acres), and residential (30 acres) uses. Rejecting the opinion of petitioner's expert that the property should be valued at no more than $600,000, Surrogate's Court determined that the parcel should be valued by considering its separately zoned areas, and that no further adjustment should be made to the value to account for a 28-acre former landfill located on the property or portions within a flood zone and an Aquifer Protection Overlay District. Adopting the appraisal of respondent's expert, the court valued the property at $2,927,700, and settled decedent's estate. Petitioner appeals and we now affirm.

Petitioner first challenges Surrogate's Court's refusal to value the property as a single parcel to be used as a farm. Valuation is a question of fact and, thus, "our inquiry is limited to whether the trial court's findings are against the weight of the credible evidence" (*Matter of Kane*, 98 AD2d 851, 852 [1983], *lv denied* 61 NY2d 607 [1984]; *see Matter of Pati*, 151 AD2d 1006, 1007 [1989]). In light of the long history of proposed development of the property, including projects in the works at the time of decedent's death, and the fact that a portion of the property was ultimately developed as a Wal-Mart store in 2001, Surrogate's Court properly relied upon the opinion of respondent's expert that the separate zoning designations should be taken into account in determining the highest and best use of the property, as opposed to valuing the property as a single farm (*see Matter of Kane, supra* at 852; *see generally Matter of CNG Transmission Corp. [Green]*, 273 AD2d 726, 728 [2000]; *ARC Machining & Plating v Dimmick*, 238 AD2d 849, 850-851 [1997]).

Further, we note that petitioner is correct that generally,

"when environmental contamination is shown to depress a property's value, the contamination must be considered" in valuing the property (*Matter of Commerce Holding Corp. v Board of Assessors of Town of Babylon*, 88 NY2d 724, 729 [1996]; *see Matter of City of New York v Mobil Oil Corp.*, 12 AD3d 77, 81-84 [2004]). Surrogate's Court did not err in refusing to adjust the value of the property here, however, in light of the absence of any indication in the record—apart from speculation—of actual contamination shown to depress the property's value at the time of decedent's death, a probable need for future remediation of the site, or any associated liability or stigma that might inhibit development of the property. Indeed, as the court noted, the Department of Environmental Conservation removed the property from a list of hazardous waste sites in the late 1980s. Finally, contrary to petitioner's argument, the appraisal adopted by Surrogate's Court did take into account the relevant topographical features of the property, such as the portion of the property located in the flood plain and the existence of wetlands.

Petitioner's remaining arguments have been considered and found to be lacking in merit.

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order and decree are affirmed, without costs.