Marc Horwitz et al., Respondents, v Camelot Associates Corporation, Defendant and Third-Party Plaintiff-Appellant. Boswell Engineering New York, P.C., Third-Party Defendant-Appellant, et al., Third-Party Defendant. (And a Fourth-Party Action.) [888 NYS2d 241]—

Lahtinen, J. Appeals (1) from an order of the Supreme Court (Ferradino, J.), entered October 8, 2008 in Saratoga County, which granted plaintiffs' motion for partial summary judgment, and (2) from an order of said court, entered October 20, 2008 in Saratoga County, which partially granted plaintiffs' motion for leave to serve an amended complaint.

Plaintiffs entered into a contract to purchase a lot and new house to be constructed thereon by defendant in an area being developed by defendant in the Town of Wilton, Saratoga County. Shortly after the closing in August 2003, plaintiffs allegedly discovered significant problems with the house, including a constant flow of water in the basement, erosion under one footing, mold and fungal growth and infestation by fungal gnats. Although the engineering firm—third-party defendant Boswell Engineering New York, P.C.—used by defendant had determined that the seasonal high groundwater table elevation (hereinafter SHGE) was 320 feet, experts hired by plaintiffs after the water problems developed stated that the basement floor, which had been constructed at an elevation of 326 feet, was below the

actual SHGE of 326.86 feet. A provision of the Town of Wilton code required any basement to be a minimum of three feet above the SHGE.

Plaintiffs sent a notice of warranty claim to defendant and, when defendant failed to address the problems with the house, plaintiffs commenced this action alleging breach of the new house limited warranty provided when they purchased the house (*see* General Business Law § 777-b [3]). Defendant commenced a third-party action against, among others, Boswell. After discovery, plaintiffs moved for partial summary judgment on the liability aspect of the breach of warranty claim, which Supreme Court granted. Plaintiffs also moved for permission to serve an amended complaint adding a cause of action for gross negligence and a demand for punitive damages. Supreme Court permitted the additional cause of action, but not the demand for punitive damages. Defendant and Boswell appeal.[1]

We consider first defendant's contention that Supreme Court erred in granting partial summary judgment. New home sales are covered by a housing merchant implied warranty (*see* General Business Law § 777-a) and that warranty may, as here, be supplanted by a limited warranty that meets or exceeds the standards set forth in General Business Law § 777-b (*see* General Business Law § 777-b [3]; *Latiuk v Faber Constr. Co.*, 269 AD2d 820, 820 [2000]). The limited warranty cannot exclude construction which "does not meet or exceed a relevant specific standard of the applicable building code, or in the absence of such relevant specific standard a locally accepted building practice" (General Business Law § 777-b [4] [e] [i]) or construction which "fails to ensure that the home is habitable" (General Business Law § 777-b [4] [e] [ii]). In the procedural context of a motion for partial summary judgment, plaintiffs had the threshold burden of establishing a breach of the limited warranty and, if they did so, the burden then shifted to defendant to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Proof in support of plaintiffs' motion included an affidavit from plaintiff Marc Horwitz explaining that a significant water problem, which had not been apparent before the closing, developed in the basement within one month of when plaintiffs moved into the house. This included a constant flow of water together with accompanying mold and fungal growth. Plaintiffs eventually vacated the house because of health concerns. Photographs depicting those conditions were submitted to

---

1. Boswell submitted a letter stating that in its appeal it is relying on the arguments of defendant.

Supreme Court. Affidavits were also submitted from several experts explaining that the basement floor had been constructed below SHGE, and this was characterized as a material defect in the construction of the house. Although there ostensibly is not a specific standard regarding SHGE in the state building code, there was a relevant specific local standard. A further material defect related to the water problem included a reported footing failure that was compromising the house's foundation. Plaintiffs' proof was sufficient to shift the burden to defendant.

In opposition to the motion, defendant's expert opined that defendant acted reasonably since defendant did not determine the SHGE or do the excavating, but instead relied upon an independent engineer to provide it with the SHGE and relied upon an independent excavator to dig the area for the basement. The expert further noted that the building inspector for the Town of Wilton inspected and approved the pertinent work and, subsequently, a certificate of occupancy was issued. While establishing reliance upon independent professionals may be helpful in defendant's third-party action, it does not provide a defense to its obligation under the home warranty. Indeed, the warranty acknowledges that major defects include, among other things, those resulting from defective work by an agent or subcontractor and those resulting from defective design by professionals engaged by defendant (*cf.* General Business Law § 777-a [2] [a]). Upon review of the record, we are unpersuaded that Supreme Court erred in granting partial summary judgment.

We find merit, however, in defendant's argument that plaintiffs' motion to amend their complaint to add a cause of action for gross negligence should not have been granted. Initially, it merits mentioning that making a motion to amend the complaint to add a cause of action at a time when a motion for summary judgment on the original complaint is pending creates a potentially significant procedural problem where, as here, both motions are granted in close temporal proximity[2] (*see Greene v Hayes*, 30 AD3d 808, 810 [2006]; *State Univ. Constr. Fund v Aetna Cas. & Sur. Co.*, 169 AD2d 52, 54-55 [1991]; *Schoenborn v Kinderhill Corp.*, 98 AD2d 831, 832 [1983]). Moreover, while leave to amend is freely given (*see Trupia v Lake*

2. The notice of motion for partial summary judgment was dated April 3, 2008 and the notice of motion to amend was dated April 22, 2008. The decision and order in the motion to amend was rendered first, dated September 26, 2008, and the decision and order in the summary judgment motion was dated October 3, 2008. However, the later decision and order was entered first, on October 8, 2008, followed by the decision and order on the motion to amend being entered on October 20, 2008.

*George Cent. School Dist.*, 62 AD3d 67, 68 [2009]; *Ferran v Williams*, 281 AD2d 819, 821 [2001], *lv dismissed* 97 NY2d 653 [2001]), gross negligence requires "a reckless disregard for the rights of others, bordering on intentional wrongdoing" (*Haire v Bonelli*, 57 AD3d 1354, 1358 [2008]). In our opinion, the alleged conduct did not meet that high standard.

Cardona, P.J., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the order entered October 8, 2008 is affirmed, without costs. Ordered that the order entered October 20, 2008 is modified, on the law, without costs, by reversing so much thereof as partially granted plaintiffs' motion for leave to amend their complaint; motion denied in its entirety; and, as so modified, affirmed.