■ KEVIN M. HALPIN et al., Respondents-Appellant, v IGOR CHEIKHET et al., Appellants-Respondents. [934 NYS2d 252]—

Spain, J.P.

Defendants Igor Cheikhet and Boris Simkin, doing business as defendant ADIS Construction, contracted with plaintiffs to construct a single-family home in the Town of Danby, Tompkins County. The home was completed in October 2002 and title was transferred to plaintiffs. Water began leaking into the property's basement by the end of 2002 and, in April 2003, plaintiffs sent a notice of warranty claim to Simkin. After various unsuccessful efforts by Simkin to remedy the problem, plaintiffs commenced this action in September 2006, claiming that defendants breached the housing merchant implied warranty, as provided for under General Business Law § 777-a (1). A nonjury trial ensued, and Supreme Court ultimately determined that the leakage was the result of defendants' failure to properly install a footer drain and they were unable to remedy the defect despite timely notice from plaintiffs. The court assessed damages as the diminution in the home's value as a result of the defect

and awarded plaintiffs $45,000. In a subsequent order, the court imposed prejudgment interest beginning from the action's commencement date, and an amended judgment was entered reflecting the prejudgment interest. Defendants appeal from both orders and the court's amended judgment, and plaintiffs cross-appeal, challenging only the amount of prejudgment interest.

When considering an appeal from a trial court's decision rendered after a nonjury trial, this Court is vested with broad authority to independently review the evidence, but deference is accorded to the findings of the trial court where they are based on credibility determinations (*see Richmor Aviation, Inc. v Sportsflight Air, Inc.*, 82 AD3d 1423, 1424 [2011]; *Shon v State of New York*, 75 AD3d 1035, 1036 [2010]; *Winkler v Kingston Hous. Auth.*, 259 AD2d 819, 823 [1999]). After independently reviewing the record, we agree with Supreme Court's conclusion that plaintiffs met their burden in proving that defendants breached the housing merchant implied warranty (*see* General Business Law § 777-a [1]; *Horwitz v Camelot Assoc. Corp.*, 66 AD3d 1299, 1300 [2009]).

The premise of plaintiffs' case is that defendants breached the housing merchant warranty because their construction of the footer drain system failed to meet applicable building code standards and/or locally accepted building practices (*see* General Business Law § 777-a [1] [a]; [3]). Defendants do not dispute that relevant building codes and general practice require that foundation walls of cellars or basements and floors in contact with the soil should be constructed so as to prevent the penetration of ground and surface water, and that construction practices in the Town required anywhere between 4 and 24 inches of gravel or "number two stone" to be placed above a footer drain. However, they dispute the adequacy of plaintiffs' proof that insufficient stone was placed above the drain here.

At trial, excavation contractor Francanko Ferrara testified that, when he dug a test hole outside plaintiffs' basement wall, he discovered that the water penetration was being caused by the absence of stone above the footer drain. He opined that the only solution was to install a new drainage system. Engineer Gregory Dende testified and agreed with Ferrara's assessment, adding that, based on standard practices in the Town, improper tiling of the footer drain was a contributing factor to water penetrating the basement walls. The Town Code Enforcement Officer testified that she would not have customarily permitted a construction to go forward when the proper materials had not been placed above the footer drain, but she could not recall actually viewing the drain at plaintiffs' home. Likewise, al-

though Simkin stated that it was his customary practice to place one foot of number two stone above a footer drain, he conceded that the installation of plaintiffs' drain was performed by a subcontractor and he was uncertain whether he was present when that work was undertaken. Deferring as is appropriate to the trial court's credibility determinations, we find ample proof to support the finding of liability (*see Horwitz v Camelot Assoc. Corp.*, 66 AD3d at 1300).

Defendants' assertions that Dende's testimony should be disregarded because it included opinions on structural defects that had not been alleged in the complaint is unpersuasive. Supreme Court explicitly noted that it was only considering such testimony for the purpose of deciding plaintiffs' "skillful manner" claim and it did not award damages based upon a claim of material defect. Likewise, we reject defendants' contention that Ferrara's testimony should be disregarded as incredible due to inconsistencies in his testimony. Having reviewed the testimony, we find the inconsistencies to be immaterial and insufficient to call his testimony, as a whole, into question.

We also reject defendants' contention that they were not provided with a "reasonable opportunity" to remedy the defective condition of the home as required by General Business Law § 777-a (4) (a) (*see Trificana v Carrier*, 81 AD3d 1339, 1340 [2011], *lv denied* 16 NY3d 710 [2011]). Indeed, between the spring of 2003 when plaintiffs first notified Simkin that water was leaking into the basement, and the winter of 2006 when plaintiffs hired Ferrara to evaluate the situation, Simkin was consistently informed when leaking occurred and repeatedly asked to remedy the problem. Simkin made several, unsuccessful attempts to stop the leakage. Significantly, when plaintiffs asked Simkin to consider that the problem might be the footer drain, he flatly rejected the suggestion. Under these circumstances, we find that defendants had ample opportunity to remedy the water penetration in the basement but failed to do so effectively (*compare Matter of Brandt [Monaco Coach Corp.]*, 269 AD2d 671, 673 [2000]; *Matter of Jarvis [Safari Motor Coaches]*, 248 AD2d 899, 900 [1998]).

In addition, we conclude that Supreme Court did not abuse its discretion in crafting the damage award (*see Matter of Albany County Airport Auth. [Buhrmaster]*, 265 AD2d 720, 722 [1999], *lv denied* 94 NY2d 758 [2000]; *Matter of County of Broome [Miller Facilities Corp.]*, 133 AD2d 984, 985 [1987]). In an action for the breach of the housing merchant implied warranty, "[t]he measure of damages shall be the reasonable cost of repair or replacement and property damage to the home proximately

caused by the breach of warranty . . . unless the court finds that, under the circumstances, the diminution in value of the home caused by the defect is a more equitable measure of damages" (General Business Law § 777-a [4] [b]). Here, the parties presented conflicting evidence regarding the cost to remedy the defect. Defendant's expert opined that a sump pump water remediation system could be installed for less than $9,000. However, Ferrara and Dende both refuted the effectiveness of such a system under these circumstances and opined that the only acceptable way to remedy the problem was to, among other things, excavate along the outside of the foundation and install a new drainage system at a cost of $67,658. It was within the discretion of the court to credit the findings of plaintiffs' experts over defendant's (see *Matter of CNG Transmission Corp. [Green]*, 273 AD2d 726, 728 [2000]; *Matter of Albany County Airport Auth. [Buhrmaster]*, 265 AD2d at 723). Given that the damage award that Supreme Court crafted based on the evidence of the diminution in value of plaintiffs' home, $45,000, was less than the amount that plaintiffs' experts testified would be required for repairs, we conclude that the court chose the measure of damages that was more equitable to defendants. Further, we find that the amount that Supreme Court found to represent the diminution in value of the home is adequately supported by expert testimony in the record (see *Matter of Piotrowski*, 25 AD3d 965, 966 [2006], *lv denied* 7 NY3d 703 [2006]; *Matter of CNG Transmission Corp. [Green]*, 273 AD2d at 728).

Finally, we agree with plaintiffs that prejudgment interest should have been awarded beginning from the date that the title to the premises passed to plaintiffs rather than from the date that the action was commenced. Prejudgment interest "shall be computed from the earliest ascertainable date the cause of action existed" (CPLR 5001 [b]; *see Environmental Prods. & Servs. v Consolidated Rail Corp.*, 285 AD2d 700, 702 [2001]). Here, the implied warranty was breached when title passed to plaintiffs; thus, the interest should be computed from the date of closing (see *Parillo v Salvador*, 276 AD2d 1000, 1002 [2000], *lv denied* 96 NY2d 702 [2001]; *Weiss v Berardi*, 237 AD2d 596, 597 [1997]; *Cotazino v Basil Dev. Corp.*, 167 AD2d 632, 635 [1990]).

Rose, Kavanagh, Stein and Garry, JJ., concur. Ordered that the order entered September 13, 2010 is affirmed, without costs.

Ordered that the order entered October 19, 2010 and the amended judgment are modified, on the law, without costs, by awarding interest from October 1, 2002, and, as so modified, affirmed.