Bruck v Kambouris (2025 NY Slip Op 06111)

Bruck v Kambouris

2025 NY Slip Op 06111

Decided on November 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 6, 2025

CV-24-1203
[*1]Susan J. Bruck, Respondent,
v
Alexios Kambouris, Appellant.

Calendar Date:September 11, 2025

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

John J. Greco, Kingston, for appellant.
McCabe Coleman Ventosa & Patterson PLLC, Poughkeepsie (Jennifer J. Clark of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeals (1) from an amended order of the Supreme Court (David Gandin, J.), entered June 24, 2024 in Ulster County, upon a decision of the court in favor of plaintiff, and (2) from the judgment entered thereon.
In 2019-2020, plaintiff was searching for a house — in "move in" condition — to purchase for her daughter and son-in-law. In January 2020, plaintiff entered a contract to purchase a house, newly constructed by defendant, located in the Town of Rochester, Ulster County. Title was transferred to plaintiff on February 21, 2020. Shortly thereafter, plaintiff's daughter and son-in-law moved into the house and almost immediately began experiencing problems including, but not limited to, electrical problems in the kitchen, and evidence of mold in various window frames and in the crawl space. Plaintiff contacted defendant directly regarding the problems and was advised to cut the spray foam insulation away from the vents in the crawl space and use a box fan to remedy the mold issue. After realizing that this did not remedy the mold issue, plaintiff, in March 2021, sent written notice of a claim for breach of the housing merchant implied warranty to defendant (see General Business Law § 777-a [4] [a]). In April 2021, defendant advised plaintiff that he would not remediate the mold. In December 2021, as defendant had failed to resolve the issues, plaintiff commenced this action, claiming that defendant breached the housing merchant implied warranty (see General Business Law § 777-a) and negligence. Negotiations through counsel to correct the problems continued through May 2022, but plaintiff eventually hired third-party businesses to remedy the problems.
A nonjury trial was held in March 2024, and Supreme Court issued an amended order finding that the electrical wiring in the kitchen was improper and in violation of applicable building codes, and that the excessive moisture in the house was due to insufficient ventilation resulting in condensation and mold. The court determined that these defects were a result of defendant's failure to construct the house in a skillful manner. As such, the court assessed damages and awarded plaintiff a judgment. Defendant appeals.
Defendant challenges three aspects of Supreme Court's verdict, arguing that the court's findings that he failed to construct plaintiff's home in a skillful manner, that plaintiff gave him a reasonable opportunity to make repairs and that plaintiff established her damages with reasonable certainty, are all in error. "When reviewing a nonjury trial verdict, we independently assess the probative weight of the evidence, together with the reasonable inferences that may be drawn therefrom, and grant the judgment warranted by the record while according due deference to the trial court's factual findings, particularly where they rest largely on credibility determinations" (Hollandale Apts. & Health Club, LLC v Bonesteel, 173 AD3d 55, 63 [3d Dept 2019] [internal quotation marks, ellipsis and citations [*2]omitted]; see Barber v Crout-Woodard, 224 AD3d 966, 968 [3d Dept 2024]).
At trial, plaintiff produced several witnesses, including plaintiff herself, her daughter and son-in-law (the occupants of the house) and experts in the areas of electrical wiring, home inspection and mold assessment/remediation. The electrical expert testified that the kitchen wiring was deficient and violative of applicable code. The home inspection/mold assessment expert testified that the crawl space lacked ventilation and a dehumidifier system, resulting in moisture and condensation which caused mold to grow. Both experts testified that in their professional opinion the house was not constructed in a skillful manner. In response to defendant's allegation that heavy blinds caused the condensation in the windows, plaintiff's experts opined that heavy blinds do not cause condensation.
Defendant presented testimony by the code enforcement building inspector for the Town of Rochester, defendant's son and a civil/structural engineering expert. Defendant's son and expert opined that the cause of the window frame mold was the heavy blinds installed by the occupants of the house, which, according to their testimony, trapped humidity leading to condensation and, thereafter, mold. They disputed plaintiff's expert's testimony that the cause of the mold was due to the house lacking ventilation, averring that the home's windows and doors could be opened for ventilation purposes.
Supreme Court credited the testimony of plaintiff and her witnesses and rejected defendant's expert's testimony. Additionally, the court found defendant's witnesses' claim that the blinds caused the condensation to be both speculative and self-serving on defendant's part. After independently reviewing the record, and deferring to the court's credibility determinations, we agree with Supreme Court's conclusion that plaintiff met her burden in proving that defendant did not construct the house in a skillful manner (see Halpin v Cheikhet, 90 AD3d 1211, 1213 [3d Dept 2011]; Weiss v Berardi, 237 AD2d 596, 597 [2d Dept 1997]).
Defendant's contention that he was not provided with a reasonable opportunity to make repairs (see General Business Law § 777-a [4] [a]) is belied by the record. After initially notifying defendant of the problems in 2020, and defendant flatly refusing to address mold remediation in April 2021, plaintiff waited approximately two years before employing others, in May and June 2022, to remedy the problems. Plaintiff's witnesses testified that during this two-year time period negotiations continued. Under these circumstances, we find that defendant had ample opportunity to remedy the defects (see Halpin v Cheikhet, 90 AD3d at 1213).
Lastly, we conclude that Supreme Court did not abuse its discretion in awarding damages to plaintiff (see id. at 1213-1214). In an action for breach of the housing merchant implied warranty, "[t]he measure of damages shall be the reasonable cost of repair or replacement [*3]and property damage to the home proximately caused by the breach of warranty" (General Business Law § 777-a [4] [b]). Here, plaintiff presented unrebutted evidence as to the costs to repair the damage to the house proximately caused by defendant's breach of warranty. In contrast, where plaintiff did not present evidence or defendant presented conflicting evidence, regarding the proximate cause of the damages, the court properly did not award damages.
Clark, J.P., Pritzker, McShan and Powers, JJ., concur.
ORDERED that the amended order and the judgment are affirmed, with costs.