Per Curiam.

Plaintiff, an attorney, was engaged by defendant to prosecute the cause of action for the wrongful death of her husband. This cause of action belonged to her deceased husband’s estate (EPTL 5-4.1), of which defendant was appointed administratrix. The retainer agreement signed by defendant, before her appointment as administratrix, lost all force as a binding agreement upon her appointment (Matter of Meng, 227 N. Y. 264, 269; Hollenbeck v. Aetna Cas. & Sur. Co., 215 App. Div. 609, affd. 243 N. Y. 540). So that plaintiff’s fee, as well as necessary expenses and disbursements, for prosecuting the death action and any other services rendered the administratrix in marshalling and distributing the proceeds of the suit as an asset of the estate, became subject to fixation and allowance either by the Supreme Court; in which the action was settled for $40,000, or the Surrogate’s Court (EPTL 5-4.4).
The plaintiff having received notice of claims by others, alleging rights to share as distributees in the decedent’s estate, *710 brought the proceeds of the wrongful death action into the Surrogate’s Court and petitioned for final settlement of defendant’s account as administratrix.
The fact that defendant’s interest, as administratrix, in questioning the claims of all alleged distributees by putting them to their proofs, coincided with her interest as a principal distributee, does not make the services rendered defendant by plaintiff any less services to the estate. The services rendered defendant, as distributee, were in no way greater or different from the services rendered her as administratrix on the accounting.
Plaintiff as attorney for the defendant, in her representative capacity as administratrix, as well as distributee, owed her the duty of presenting to the Surrogate all claims against the estate, including his own for allowances and disbursements for total legal services and any fees paid or promised to other attorneys, engaged by him, for services to the estate (SCPA 2110). The Surrogate having full power and authority to determine and fix all attorneys’ fees, allowances and disbursements in the total administration of the estate, finally adjudicated all known claims presented, or which with notice of the accounting' could have been presented, in the course of the proceeding and implicitly included in the fee allowed plaintiff, full and fair compensation for all legal services rendered defendant, as administratrix and distributee, by him or other attorneys in his employ.
The judgment should be reversed and the complaint dismissed, with $30 costs to defendant, without prejudice to such relief, if any, as may be available to plaintiff upon appropriate proceedings in the Surrogate’s Court.
Concur — Markowitz, P. J., Lupiano and Quinn, JJ.
Judgment reversed, etc.