OPINION OF THE COURT
Edwin Kassoff, J.
This is a motion by the court examiner to inquire into *621 whether the attorney for the alleged incapacitated person properly received compensation of $14,887.69 in this guardianship proceeding. After the appointment of a guardian for the alleged incapacitated person, the attorney paid herself a fee in the above amount from funds she was holding in escrow for the alleged incapacitated person. The court examiner contends that the fee received may be excessive. The attorney argues that this court has no authority to review the fee paid by the alleged incapacitated person to his attorney, and that the attorney could not submit an affirmation of services detailing the work done by her as it would violate the attorney-client privilege.
In an oral decision this court granted the court examiner’s motion to the extent of directing the attorney to repay the entire amount received by her. The attorney was then given an opportunity to submit a further brief, however, none was received by this court.
Although Mental Hygiene Law § 81.10 does not specifically provide for court approval of fees paid to counsel selected by the alleged incapacitated person, this court has inherent authority to supervise the fees attorneys charge for legal services (see, Matter of Stortecky v Mazzone, 85 NY2d 518, 525-526). To accept the attorney’s analysis would mean that this court could not review the fee paid to an attorney by an alleged incapacitated person for whom a guardian had been appointed, without regard to whether the attorney performed any services for the alleged incapacitated person.
In determining a reasonable fee for an attorney, this court must consider the following factors: the time and labor required; the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer’s experience, ability and reputation; the amount involved and the benefit resulting to the client from the services; the customary fee charged for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved (see, Matter of Freeman, 34 NY2d 1, 9).
Here the attorney contends that she could not submit an affirmation of services because her client instructed her not to reveal certain information to the court, and to file the affirmation of services would breach the attorney-client privilege. However, the burden of substantiating the fee is upon the attorney. The presumption is that no fee will be awarded unless the attorney can demonstrate that work was performed on *622 behalf of the client. Here, the attorney has failed to demonstrate that she performed any services on behalf of the alleged incapacitated person, therefore, this court cannot fix a fee for the attorney, and her fee is set at $0.
Accordingly, the attorney for the alleged incapacitated person, Anne Miles, Esq., shall pay back the entire amount taken from the funds of the incapacitated person that she was holding in escrow, that is, $14,887.69.