*462 OPINION OF THE COURT
Meryl J. Berkowitz, J.
Defendant Susan E. Marelli, as administratrix of the estate of Robert Vorbeck, deceased (hereinafter Marelli) has moved this court pursuant to CPLR 1312 (4) for the release of funds to pay past and future expenses, including professional (legal and accounting) fees, and to permit the estate to maintain a “miscellaneous reserve fund for future fees and expenses.” Plaintiff has opposed this relief, except as to fees and expenses pertaining directly to administration of the estate after the date of Marelli’s appointment, which it leaves to the court’s discretion to allow “reasonable and bona fide” fees.
This is a civil preconviction forfeiture action wherein the criminal defendant, Robert Vorbeck, died during the pendency of the criminal proceeding but after the issuance of an order of attachment and restraining order in this action. On February 10, 2000, this court issued an order confirming the order of attachment. It appears that the total value of these attached assets is approximately $800,000.
Defendant Marelli has stated in her affidavit dated March 25, 2000, that the estate has no assets other than those under attachment with which to pay its expenses as required under the last sentence of CPLR 1312 (4). Defendant requests the sum of $167,952.83 for its debts and anticipated expenses and professional fees as of May 23, 2000. This does not include the sum of $9,017.43 released pursuant to a so-ordered stipulation dated May 5, 2000.
Plaintiff opposes much of the requested relief on several grounds. First, it opposes reimbursement of monies expended by former defendants Lorraine M. Vorbeck and Joseph J. Vorbeck, parents of the deceased. Second, it opposes relief of monies expended by Marelli prior to her appointment as administratrix of the estate. Lastly, plaintiff opposes the propriety of certain expenses listed by Marelli as administration expenses (and of a future “reserve” fund) and the reasonableness of the professional fees requested. It appears from a review of the documents submitted by Marelli that much of the nonfees debts or expenses incurred were expended on behalf of Robert Vorbeck after his arrest or on behalf of his estate prior to appointment of Marelli. Additional funds were or will be expended for maintenance, operation or preservation of property which is the subject of the order of attachment.
CPLR 1312 (4) provides that a party may obtain the release of funds for “the payment of reasonable living expenses.” Since *463 the relevant party herein is an estate, the court finds that this language is broad enough to include reasonable expenses of administration of the estate. Additionally, certain of the claimed past and future expenses directly relate to “maintenance, operation, or preservation” of attached property, that is, a co-op apartment in New York and real property in Pennsylvania. Further, since the plaintiff has not shown there are any other assets with which to pay these expenses, the administration of the estate cannot proceed without release of necessary and reasonable sums.
The court has reviewed the specific items on the list set forth as schedule A to the moving papers and, for purposes of this litigation only, finds that Marelli is entitled to the release of monies for the following debts or expenses already incurred:
Funeral luncheon $ 284.70
Dinner - wake 507.70
Funeral flowers 350.00
Attorneys’ fees (criminal proceeding) 5,000.00
Attorneys’ fees (administration proceeding) 2,500.00
$ 8,642.40
The parties agree that the court issue an order allowing the following sums be released to Marelli upon receipt of funds from the sales of the respective properties and appropriate proof of the sums due:
Maintenance costs (co-op)
Costs related to co-op sale
Pa. property annual dues
Pa. property tax
Costs related to Pa. prop, sale
$ 4,720.81
2,338.05
50.70
50.91
7,500.00 (estimated)
Defendant shall prepare appropriate orders on notice upon receipt of the proceeds of said sales and itemization of the estimated items.
Defendant requests the release of between $6,000 and $10,000 for accounting fees for the estate, but acknowledges that only seven hours of work has been performed to date by the accountant (at $300/hour). Neither an affidavit by the accountant nor a retainer agreement has been provided to the court. However, there is no dispute that accounting work is reasonable and necessary for administration of the estate and the court will allow release of $2,500 for said purpose, without prejudice to renewal or further request in Surrogate’s Court or this court.
*464 More troubling is the requested release of approximately $133,500 for past and future attorneys’ fees in both the administration and forféiture proceedings. Marelli acknowledges that $2,500 has been paid to counsel for his services in the administration proceeding; the court has above approved reimbursement from estate funds of said sum. The court will not now grant future legal fees as to the administration proceeding and denies that portion of the motion, without prejudice to its renewal or further request in Surrogate’s Court or this court.
Marelli’s counsel states that he and his associate have expended over 390 hours on this case to date (counsel has provided a breakdown of these hours by category of work performed). At the stated hourly rates, the request for services to date exceeds $100,000. Counsel also requests an additional sum for anticipated future legal services.
Plaintiffs position is that the sums and the hourly rates requested are excessive and that movant has not provided a retainer agreement nor any explanation as to the large amount of time spent on this matter to date (except that defendant states it to be a case of first impression). Plaintiff also suggests Code of Professional Responsibility DR 2-106 (22 NYCRR 1200.11) as an appropriate framework in which to determine reasonable attorneys’ fees.
The court is aware that attorneys’ fees are, in the absence of agreement, to be determined in the court’s discretion based upon a review of all the circumstances of case. The court also recognizes that the statutory scheme affords the court discretion to determine “reasonable and bona fide attorneys’ fees and expenses for the representation of the defendant in the forfeiture proceeding” to be paid from the assets under attachment if no other assets are available to pay said sums. (CPLR 1312 [4].)
Long and universal tradition in American practice is for attorneys’ fees to be determined on the following factors: the time and labor required; the difficulty of the questions involved, and the skill required to handle the problems presented; the lawyer’s experience, ability and reputation; the amount involved and the benefit resulting to the client from the services; the customary fee charged for similar services; the contingency or certainty of compensation; the results obtained; and the responsibility involved. (See, Matter of Freeman, 34 NY2d 1, 9 [1974]; Matter of Siegel, 169 Misc 2d 620, 621 [Sup Ct, Queens County 1996]; see also, Matter of New York City Tr. *465 Auth., 150 Misc 2d 917 [Sup Ct, Queens County 1991]; Matter of New York State Urban Dev. Corp., 183 Misc 2d 900 [Sup Ct, NY County 2000].)
Rather than approach the need for and reasonableness of the legal services rendered on a piece-meal approach throughout this litigation (which is already one year old), and since several of the factors set forth above (including the difficulty of the questions involved, and the skill required to handle the problems presented; the amount involved and the benefit resulting to the client from the services; the results obtained; and the responsibility involved) cannot be properly assessed until the trial of this case, the court refers the issue of reasonable attorneys’ fees to the trial for determination. However, the court finds reasonable under all the circumstances to date, including the substantial time and effort expended on defendant’s motion to dismiss, to allow the release of $55,000 as and for interim attorneys’ fees to Marelli’s counsel, without prejudice to either party, and to be credited against the attorneys’ fees to be awarded, if any, after trial.
To the extent defendant requests a “miscellaneous reserve fund” for future expenses, the motion is denied. There is no authorization for such a release of funds pursuant to CPLR 1312 (4) or any other section of CPLR article 13-A.