(December 28, 2006)

■ In the Matter of the Estate of JEROME SILVERSTEIN, Deceased, Appellant-Respondent, v MAX GOODMAN et al., Respondents-Appellants. [827 NYS2d 50]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered October 25, 2005, which, to the extent appealed from as limited by the briefs, denied petitioner's request to modify the Special Referee's report, dated July 8, 2004, and denied respondents' motion to set aside that report, unanimously modified, on the law, the matter remitted to the Special Referee for further proceedings in accordance herewith, and otherwise affirmed, without costs.

Respondents, as trustees, breached their fiduciary "duty of loyalty" (*see Mercury Bay Boating Club v San Diego Yacht Club*, 76 NY2d 256, 270 [1990]) by allowing their immediate family and petitioner, the beneficiary of the trust, to occupy the trust property at no rent or rent far below fair market value. Accordingly, the matter is remitted to the Special Referee to determine the amount of income deprived from the trust as a result, such

amount to be debited from the parties' share of the proceeds of the sale of the property. It was within the discretion of the Special Referee to determine the "interest and the rate and date from which it shall be computed" (CPLR 5001 [a]).

Although no formal objections were filed to respondents' long account in accordance with CPLR 7704, the Special Referee was entitled to review any aspect of the account (CPLR 4317 [b]), especially since respondents were on notice of petitioner's complaints of self-dealing since 1993 (*see Matter of Stortecky v Mazzone*, 85 NY2d 518 [1995]).

Because respondents failed to make a prima facie showing of the nature of expenses submitted for $28,025.78 in legal fees, $18,869.73 in payroll taxes, $83,096.03 in income taxes, and a doctor's bill of $50, and that they were fair and reasonable (*see generally Matter of Taylor*, 251 NY 257 [1929]), the Special Referee did not err in charging them for those unexplained expenses.

Because petitioner withdrew any objection to the lease between respondent Viola Goodman and her mother, the owner of the trust property, the Special Referee's finding as to the fair market value of the property, which Goodman occupied at rents below fair market value, is set aside and the matter remitted to eliminate the lease period from the calculations. Concur—Buckley, P.J., Andrias, Saxe, Gonzalez and McGuire, JJ.