*237 OPINION OF THE COURT
Diana A. Johnson, S.
In this uncontested accounting proceeding, the Public Administrator of Kings County (Public Administrator) seeks judicial settlement of his account, including the fixing of attorneys’ fees. This account consists solely of the proceeds from the settlement of the cause of action arising from the decedent’s wrongful death and conscious pain and suffering. Based upon the record, the proceeds from the settlement in the sum of $225,000 are allocated to the cause of action for the decedent’s wrongful death.
At issue in this proceeding are the attorneys’ fees. Letters of administration were granted to the Public Administrator by a decree of this court dated October 20, 2003. At that time, the Public Administrator was represented by Louis R. Rosenthal.[1] Cary Scott Goldinger, Esq. represented the distributees who initially petitioned the court for letters of administration and served as trial counsel to the Public Administrator in the prosecution of the claims for the decedent’s wrongful death and conscious pain and suffering. The matter was settled for the sum of $225,000. Rosenthal was replaced as counsel to the Public Administrator by Steven R. Finkelstein, Esq.[2] who has prepared and filed the current pending accounting proceeding.
Goldinger requests counsel fees in the sum of $62,203.14 representing 28.333% of the settlement sum of $225,000 after deduction of his proposed disbursements. He avers that he was originally retained with a contingency fee of 33.333% by the estate, but later agreed to accept 28.333% with 4.999% to be paid to the estate counsel to Public Administrator representing 15% of his agreed upon fee.
In addition, Finkelstein, the estate counsel and attorney of record for the Public Administrator in this accounting proceeding, requests a fee in the sum of $9,441.20 in attorneys’ fees. He calculates this sum by utilizing the percentages specified in the guidelines promulgated by the Administrative Board for the Offices of the Public Administrators. He calculates this sum by taking six percent of the sums held by the Public Administrator after deducting the attorneys’ fees and disbursements requested by trial counsel, Goldinger.
*238 Proceeds from a cause of action arising from the decedent’s wrongful death shall be distributed to the decedent’s distributees subject to, inter alia, certain reasonable expenses (see EPTL 5-4.4). These expenses include reasonable attorneys’ fees (Matter of Weinstein, 153 Misc 279 [Sur Ct, Bronx County 1934]; EPTL 5-4.6).
The surrogate has the inherent power to supervise the fees attorneys charge for legal services even though same are agreed upon or are unchallenged by the parties to the proceeding and notwithstanding the existence of a retainer agreement (see Matter of Stortecky v Mazzone, 85 NY2d 518 [1995]). The longstanding practice of this court in this type of matter has been to award one legal fee to all of the attorneys representing the fiduciary of the estate in a compromise proceeding through distribution (see Matter of Heindel, 51 Misc 2d 26 [Sur Ct, Kings County 1966]).
In compromise matters involving compensation for the decedent’s wrongful death and conscious pain and suffering, it has been the court’s custom to allow a fee of up to one third of the settlement amount where all of the parties are adult and competent. Where the distributees are infants or persons under some other type of disability, the court, in its discretion, will often reduce the requested fee to 25% or some other fee less than the one-third sum requested as to the share passing to said distributee as the infant may not be bound by any retainer agreement (see Matter of Muccini, 118 Misc 2d 38 [Sur Ct, Queens County 1983]; Estate of Davis, NYLJ, Sept. 8, 1994, at 24, col 4 [Sur Ct, Kings County]; Estate of DiGirolamo, NYLJ, Mar. 27, 1995, at 29, col 6 [Sur Ct, Bronx County]; Estate of Vargas, NYLJ, July 13, 2005, at 31, col 5 [Sur Ct, Kings County]).
In determining attorneys’ fees in estate matters, the court has customarily allotted or estimated a legal fee of six percent of the decedent’s estate consisting of two percent for the proceeding where the Public Administrator is appointed fiduciary, two percent for the administration of the estate and preparation and filing of estate tax returns and two percent for the accounting. These percentages were also adjusted to take into consideration the size of the estate, as well as various other factors that have been described above. The court notes that while the rule of thumb may be six percent, there is no statute or case law that sets any specific limit on the amount that may be awarded to attorneys, except that the surrogate must be mindful of the size of the estate when fixing attorneys’ fees.
*239 Compensation awarded to counsel to the Public Administrator has long been the subject of controversy and criticism for the courts. The New York State Attorney General and State Comptroller issued joint reports in 1987,1988 and 1992 identifying excessive legal fees as one of the problems surrounding the operations of the office of the Public Administrator (New York State Office of Court Administration, Report of the Commission on Fiduciary Appointments [Feb. 2005], http://www.nycourts. gov/reports/fiduciary-2005.pdf). In 1993, the legislature made a number of amendments to the Surrogate’s Court Procedure Act and Estates, Powers and Trusts Law. One of the amendments included establishing factors for the surrogate to consider when awarding fees to counsel to the Public Administrator. While counsel to the Public Administrator is entitled to reasonable compensation paid out of the estate (SCPA 1108 [2] [b]), the statute offers no schedule or guidelines with regard to what constitutes reasonable compensation.
“In fixing the legal fees, the court shall consider the time and labor required, the difficulty of the questions involved, the skill required to handle the problems presented, the lawyer’s experience, ability and reputation, the amount involved and benefit resulting to the estate from the services, the customary fee charged by the bar for similar services, the contingency or certainty of compensation, the results obtained, and the responsibility involved” (SCPA 1108 [2] [c]).
The amendment to the statute did not end the long-standing challenges to criticism to the fees awarded to the Public Administrator’s counsel. The New York State Attorney General continued to challenge the fees requested by counsel to the Public Administrator. In an effort to resolve these challenges, in 1994 and 1998, the New York State Attorney General reached an agreement with the previous Surrogate of Kings County. This agreement provided that no challenge would be made to requested legal fees that did not exceed six percent of an estate’s value (see Matter of Feinberg, 5 NY3d 206 [2005]).
Another amendment to the statute in 1993 provided for the creation of an administrative board to provide guidelines governing the functions and duties of the Public Administrator (see SCPA 1128; New York State Office of Court Administration, Report of the Commission on Fiduciary Appointments [Feb. 2005], http://www.nycourts.gov/reports/fiduciary-2005.pdf). In *240 response to the issues regarding Public Administrator counsel compensation, this administrative board established a “uniform fee schedule” covering compensation of counsel to the Public Administrator in New York City in 2002 (New York State Office of Court Administration, Report of the Commission on Fiduciary Appointments [Feb. 2005], http://www.nycourts.gov/ reports/fiduciary-2005.pdf).
“In the absence of extraordinary circumstances, the Public Administrators shall require their counsel to limit their request for compensation in any estate to an amount not to exceed a fee computed under the following schedule: Schedule of sliding scale maximum legal fee based upon the gross value of the estate (‘total charges’ reported in the account)
“Gross Value Percentage “First $750,000. 6 “Next $500,000. 5.5 “Next $250,000. 5 “Next $500,000. 4.5 “Next $3,000,000. 3 “Over $5,000,000. 1.5”
(Interim Report and Guidelines of Administrative Board for Offices of Public Administrators Pursuant to Surrogate’s Court Procedure Act Section 1128 [approved by Board Oct. 3, 2002]).
The guidelines further provide the following in the instances involving recoveries of the decedent’s wrongful death.
“In the absence of special circumstances, the Public Administrator shall require that the total fees of counsel retained to prosecute a wrongful death action and counsel for the Public Administrator for legal services for administering the estate shall not exceed the fee allowed by the Surrogate’s Court (in the applicable county) for such services in cases in which the Public Administrator is not the fiduciary.
The total of all fees paid to counsel for the Public Administrator shall not exceed the guidelines of the Administrative Board enacted October 3, 2002.
“This guideline shall apply to estates where letters issued to the Public Administrator on or after March 21, 2006.” (Guideline of Administrative Board for Offices of Public Administrators Pursuant to Sur *241 rogate’s Court Procedure Act Section 1128 [approved by Board Mar. 20, 2006].)
The current counsel to the Public Administrator, Finkelstein, has requested that, in conformance with the promulgated guidelines, his fee be calculated by taking six percent of the estate proceeds after deducting trial counsel’s fees and disbursements. The court acknowledges that counsel’s request may be in compliance with the promulgated guidelines, but this court’s obligations with regard to the determination and fixing of counsel fees is far from complete.
The undersigned believes that by blindly and undiscerningly following the guidelines, the court would be remiss in its duties. First, the court notes that the guidelines designate the maximum legal fees that may be requested by counsel based upon the size of the decedent’s estate. The guidelines suggest that in extraordinary circumstances, the court would be well within its discretion to award a greater fee to counsel. On the other hand, the guidelines further suggest that the attorneys’ fee may be fixed at a sum lower than the guidelines designation, also within the court’s discretion.
Second, the court notes that the guidelines of the Administrative Board are just that: guidelines; and while the undersigned will be guided by same, the court will not abdicate its authority, duty and discretion by slavishly following the guidelines without consideration to the other factors noted in SCPA 1108 (2) (c).
While the court maintains the discretion to determine reasonable compensation, said discretion must be based upon the factors set forth in SCPA 1108 (2) (c), when setting fees for counsel to the Public Administrator.
“While the statute vests discretion in the surrogate to make legal fee determinations, the plain language of SCPA 1108 (2) (c) directs a surrogate to review the statutory factors prior to compensating counsel. ‘Shall’ plainly did not mean ‘may.’ Considering the statutory factors does not divest the surrogate of discretionary authority to award fees, but it does satisfy the concern that fees are justified by the services rendered.” (See Matter of Feinberg, 5 NY3d 206, 215 [2005].)
Moreover, the promulgated guidelines specify and note that the fixing of legal fees is within the sound discretion of the surrogate, after taking into account the factors specified in SCPA 1108 (2) (c). Fees awarded solely on the basis of the guidelines’ *242 sliding scale is insufficient to meet the surrogate’s obligations under SCPA 1108 (2) (c).
In this matter, trial counsel, Goldinger, represents that he has spent approximately 287.25 hours, which included depositions, document exchange, the defense of a motion for summary judgment, defense of the appeal and eventually settlement of the action during mediation for the sum of $225,000. Counsel further affirms that he has 25 years of experience in this area and that the customary fee for his service is one third of the amount recovered.
The attorney of record in this proceeding, Finkelstein, attests that at the time he was appointed as counsel to the Public Administrator, letters of administration had already issued to the Public Administrator and the prosecution for the wrongful death claim was ongoing. He has prepared and prosecuted the accounting proceeding, among his other duties as counsel in the administration of this estate, and estimates that he has spent 40 hours and will have to render another 5 to 10 hours to complete the administration of this estate. He has 27 years of experience as an attorney.
After consideration of all of the factors specified in SCPA 1108 (2) (c), as well as the guidelines and the circumstances in this proceeding, the attorneys for the Public Administrator shall receive the sum of $68,655.93 for all legal services through distribution including the appointment of a guardian to place the infant’s share in a guardianship account jointly with the clerk of the court. It is clear to the court that the majority of the work in obtaining the assets in this accounting was performed by Goldinger in the prosecution of the wrongful death cause of action. Thus, he is entitled to a majority of the legal fee. Therefore, the sum of $62,346.87 shall be paid to Goldinger as his share of the attorneys’ fees. The remaining sum of $6,309.07, of which $4,720.60 has been paid to Finkelstein pursuant to the order of Surrogate Margarita López Torres dated February 21, 2008, is allocated as the portion of the fee to be divided between outgoing estate counsel, Rosenthal, and incoming estate counsel, Finkelstein, after a further hearing before this court. The issue of fixing and determining the fair and reasonable compensation to which prior and current counsel for the Public Administrator may be entitled are held in abeyance pending final determination by the court, the matter to appear on the court’s calendar on such date and at such time as the court may determine.
Because Goldinger conducted much of the legal work in obtaining the wrongful death settlement, the court has allowed *243 a fee to Goldinger of 28.333% of the settlement proceeds. After subtracting the portion of the fee allocated to Goldinger and his disbursements in the reduced sum of $4,926.34, the court has allowed a fee in the sum of $6,309.07, representing four percent of the remainder, to be split between Rosenthal and Finkelstein.
The remainder of the proceeds shall be distributed as follows:
The compensation of the guardian ad litem is fixed and determined in the sum of $250 pursuant to the direction of the former Acting Surrogate Laura L. Jacobson approved on November 6, 2008 (see Statement of Approval of Compensation).
The balance shall be paid to the distributees of the decedent based upon pecuniary loss (EPTL 5-4.4; Matter of Kaiser, 198 Mise 582 [Sur Ct, Kings County 1950]) as follows:
Rahima Begum (spouse) 57.42% Taslima Begum (daughter) 4.72% Tahmina Begum (daughter) 14.86% Arifur Rahaman (son) 23%

. Louis R. Rosenthal has been suspended from the practice of law.

. Finkelstein was appointed as counsel to the Public Administrator by former Surrogate Frank Seddio.