*475 OPINION OF THE COURT
Peter J. Kelly, S.
By decision and order this proceeding to allocate and distribute the proceeds of underlying causes of action settled in Supreme Court, Queens County was set down for a hearing since a compromise order issued by said court, purportedly pursuant to EPTL 5-4.6, was not in compliance with the statute. Initially, the compromise order allowed the payment of attorney’s fees and disbursements without requiring that those funds remain in an interest bearing escrow account until proof of the filing of a petition for allocation and distribution (see EPTL 5-4.6 [a] [2]). Moreover, the papers submitted on this application indicated that one of the two distributees listed in the petition was a person under a disability and, therefore, a guardian ad litem should have been appointed by this court before the compromise order was issued by the Supreme Court (see EPTL 5-4.6 [b]).
On the hearing date, after inquiry by the court, it became obvious that, in addition to the issues mentioned above, petitioner had not even served all the necessary parties in this proceeding or in the application in Supreme Court since, contrary to the assertions contained in the petitions, decedent had been survived by more than the two distributees classified as such. This omission apparently was due to petitioner and counsel’s confusion regarding the basic distinction between a person’s eligibility to become an administrator versus their entitlement to receive an intestate share of the estate (SCPA 1001; EPTL 4-1.1).
The nonadherence to the statutory scheme established when an application is made to the Supreme Court for issuance of a compromise order pursuant to EPTL 5-4.6 demonstrated in this case is, unfortunately, not an isolated incident. Misunderstanding of the provisions of EPTL 5-4.6 appears to be systemic as this court, as well as other Surrogate’s Courts, have consistently received compromise orders that are not only facially, but procedurally noncompliant with the statute.
This court is personally cognizant of the significant efforts expended by trial counsel in obtaining successful results for their clients in wrongful death actions. The law in New York State which, unlike some other venues, limits recovery to the pecuniary loss of the distributees, presents difficult challenges in establishing a right to recovery for even the most skilled practitioner. In addition, these cases frequently involve long *476 periods of discovery, pretrial motion practice and significant capital outlays by a practitioner. The court is also aware that after successful results are achieved, sometimes counsel and the distributees are forced to endure more protracted delays before payment and distribution is authorized.
While the legislature enacted EPTL 5-4.6 to remedy the difficulties encountered by trial counsel in obtaining timely compensation for their efforts in these matters, the statute’s payment provisions do not exist in a vacuum. The legislature included numerous safeguards and procedural prerequisites in the statute to address specific concerns which must be strictly adhered to by practitioners seeking relief in the Supreme Court. Likewise, the Surrogate’s Courts are obliged to ensure the statute, as enacted, has been complied with and are not compelled to rubber stamp every request for allocation and distribution containing an approval of attorney’s fees that is submitted. This is especially true when persons interested in the proceedings are under a legal disability due to infancy or cognitive deficits.
The papers submitted herein contain one of the most consistent errors exhibited in EPTL 5-4.6 compromise applications which is the omission to abide by the statutory requirement that a guardian ad litem be appointed for an incapacitated distributee (see EPTL 5-4.6 [b]). SCPA 403 (2) requires that a person under a disability who does not appear in a proceeding by a “guardian, committee or conservator . . . shall . . . appear by a guardian ad litem.” The subject statute and drafters specifically and intentionally recognized this necessity and required the court reviewing an application under that statute to “determine whether a guardian ad litem is required before any payments are made” (EPTL 5-4.6 [b]). Moreover, when a guardian ad litem is necessary, the court is required to “seek an immediate appointment ... by the surrogate’s court” (EPTL 5-4.6 [b]).
Despite these very explicit requirements, it is clear that in this case, as in virtually every other identical proceeding, a guardian ad litem was not appointed. More egregiously, this application does not contain any proof that the issue was even considered.
Accordingly, given the jurisdictional deficiencies, the fact that a guardian ad litem was not appointed prior to entry of the underlying Supreme Court order, and counsel is still, per statute, the attorney for the fiduciary in a proceeding to judicially settle her account pending in this court, counsel is directed to *477 return all counsel fees previously paid to the escrow account established and produce proof of same to the court within 10 days from the date of this order (see Matter of Stortecky v Mazzone, 85 NY2d 518 [1995]). Petitioner is directed to amend her petition and accounting to include all necessary parties and a request for payment of the legal fees previously approved and cause citation to issue by June 29, 2012.