# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**580**

**CA 12-02297**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF JON M. LADELFA, AS
ADMINISTRATOR OF THE GOODS, CHATTELS AND
CREDITS OF CHARLES MICHAEL LADELFA,                    MEMORANDUM AND ORDER
DECEASED, PETITIONER-RESPONDENT.
---------------------------------------------
GERALD A. CONIGLIO, OBJECTANT-APPELLANT.

---

JONES & SKIVINGTON, GENESEO (PETER K. SKIVINGTON OF COUNSEL), FOR
OBJECTANT-APPELLANT.

---

Appeal from a modified decree of the Surrogate's Court, Livingston County (Dennis S. Cohen, S.), entered March 13, 2012. The modified decree judicially settled the final account of Jon M. LaDelfa, Administrator of the Goods, Chattels and Credits of Charles Michael LaDelfa, deceased.

It is hereby ORDERED that the modified decree so appealed from is unanimously affirmed without costs.

Memorandum: Objectant appeals from a modified decree of Surrogate's Court that settled the final account of petitioner, the administrator of decedent's estate, and, in doing so, denied objectant's claim against the estate for unpaid rent allegedly owed to him by decedent. In a prior appeal involving the same parties and the same claim against the estate, we held that, "[o]nce objectant's claim was allowed by petitioner, as the administrator, and no parties who would be adversely affected by the claim filed objections thereto, the claim was prima facie valid . . . Indeed, it was 'just as effective . . . as a judgment of a court of competent jurisdiction' . . . The Surrogate was thus required to 'confirm the allowance . . . and direct that [it] be paid' . . . , and the Surrogate could not require petitioner, as the administrator, to prove that the claim was legally valid" (*Matter of LaDelfa [Coniglio]*, 82 AD3d 1683, 1683-1684). We modified the decree by granting objectant's claim, and we remitted the matter "for further proceedings" (*id.* at 1683). On remittal, the Surrogate refused to sign petitioner's proposed amended decree and, in reliance on *Matter of Stortecky v Mazzone* (85 NY2d 518), denied objectant's subsequent motion seeking approval of his claim.

Contrary to our statement in *LaDelfa* that a Surrogate is required to confirm an accounting in the absence of an objection, the Court of Appeals has held that a Surrogate has an independent, statutory duty to "settle the account as justice requires . . . , [and] to require the Surrogate to 'rubber stamp' the account because the parties do not

object to it would vitiate [that] statutory directive . . . Indeed, it would seem self-evident that if a Surrogate acts judicially in approving an account and may not be compelled to enter a decree, then the court must have the correlative power to deny a decree or, when inquiry is warranted, to satisfy itself on questions arising during the proceedings" (*Stortecky*, 85 NY2d at 524; *see* SCPA 201 [3]; 2211 [1]; *Matter of Schultz*, 104 AD3d 1146, 1149).  Thus, to the extent that our decision in *LaDelfa* held that a Surrogate is required to confirm an accounting in the absence of an objection, the decision should not be followed.

It is well settled that, until a decision of this Court is " 'modified or reversed by a higher court, . . . the trial court is bound by our decision' " (*J.N.K. Mach. Corp. v TBW, Ltd.*, 98 AD3d 1259, 1260; *see Senf v Staubitz*, 11 AD3d 997, 997), regardless of whether our decision was correctly decided (*see Bolm v Triumph Corp.*, 71 AD2d 429, 434, *lv dismissed* 50 NY2d 801, 928).  We thus conclude that the Surrogate erred in failing to comply with our prior decision. Nevertheless, this Court is not likewise required to follow our prior decision under the doctrine of law of the case.  Indeed, for the reasons that follow, we conclude that we should not apply the doctrine of law of the case herein, and we therefore affirm the modified decree denying objectant's claim against the estate.

"As the doctrine of . . . law of the case is not one of inflexible law, but permits a reasoned exercise of a certain degree of discretion in its application, the better rule is that the doctrine should not be utilized to accomplish an obvious injustice, or applied where the former appellate decision was clearly, palpably, or manifestly erroneous or unjust . . . [T]he effect of a prior ruling by an appellate court in a later appeal before that court, or in a subsequent stage of the same appeal before that court, presents the problem of balancing the interest in foreclosing reconsideration of the prior decision with the desire for a just result . . . Most jurisdictions still consider the former adjudication binding except where the prior decision was clearly erroneous or worked manifest injustice" (*People v Palumbo*, 79 AD2d 518, 524-525, *affd* 53 NY2d 894 [internal quotation marks omitted]).

We recognize that our earlier decision was "clearly erroneous" (*Palumbo*, 79 AD2d at 525 [internal quotation marks omitted]), as "shown by contrary authority emanating from [the Court of Appeals,] whose rulings . . . are controlling" (Schopler, E. H., Annotation, *Erroneous Decision as Law of the Case on Subsequent Appellate Review*, 87 ALR2d 271, § 2; *see Stortecky*, 85 NY2d at 524).  We also conclude that "correction of the error made on the former appeal [will] create no injustice or hardship, [inasmuch as] no change has been made in the status of the parties in reliance upon the ruling in the former appeal" (Schopler, E. H., 87 ALR2d 271 at § 15 [a]).  No one has "surrendered, in reliance thereon, substantial and valuable rights [that] cannot be restored by the court, and . . . no rights of property have become vested" (*id*.).  Moreover, "the decision on the first appeal was erroneous as a matter of substantive law and this error [will] . . . affect[ ] not only the parties to the proceeding .

. . but also, by virtue of the strength of the former decision as a precedent, all other persons in the jurisdiction" (*id.* at § 16).

In accordance with the controlling decision of the Court of Appeals in *Stortecky*, we conclude that the Surrogate retained the independent authority to review the final account submitted by petitioner, and we further conclude that the Surrogate's determination that "a true landlord/tenant relationship . . . absolutely, positively . . . [did not] exist" was not against the weight of the credible evidence (*see generally Matter of Piotrowski*, 25 AD3d 965, 966, *lv denied* 7 NY3d 703). There was no rental agreement or arrangement between objectant and the deceased, and the deceased "never paid rent" over a period of 28 to 32 months. While objectant may have performed "a favor" for decedent to "help him out," the Surrogate determined that objectant's generosity did not establish a legal claim against the estate. We see no basis to disturb the Surrogate's findings, "which are entitled to great weight inasmuch as they 'hinged on the credibility of the witnesses' " (*Matter of Makitra*, 101 AD3d 1579, 1581; *see generally Matter of Poggemeyer*, 87 AD2d 822, 823).

Entered: June 14, 2013                                    Frances E. Cafarell
                                                          Clerk of the Court