OPINION OF THE COURT
David H. Guy, S.
Frederick Charles Haag, Jr. died October 24, 2011 in the Tioga County, New York jail. Decedent was a resident of Broome County. He was survived by two distributees, a daughter, Katie May Haag, and a son, Stefan Haag, who was a minor at the time of decedent’s death. On November 29, 2011, decedent’s sister, Bernadine Morris, petitioned for letters of administration, based on her status as a creditor of the estate: she had paid the decedent’s funeral bill.
Decedent owned a home in the City of Binghamton, which was subject to a delinquent mortgage. Decedent also owned a 2001 semitruck, subject to a loan to the extent of approximately two thirds of its value. He had two bank accounts, both of which were overdrawn. He had two unsecured loans outstanding, as well as child support arrears. He also had both state and federal tax liabilities. The petition for letters of administration recited the possibility of a wrongful death action, arising from decedent’s death while in custody. In a further petition for temporary letters of administration, filed in Surrogate’s Court less than two months after the original petition, petitioner asserted that the net equity in the decedent’s house was the “primary asset of the estate.” Petitioner sought temporary letters to address the delinquent mortgage.
On February 28, 2012, letters of administration with limitations were issued to the petitioner. One limitation was a restraint from transferring or receiving the proceeds of a sale or transfer of the decedent’s real estate without court order. The second limitation was a preclusion from settling any wrongful death or related action, or payment of any associated attorneys’ fees, without prior application to the Surrogate for leave to compromise any such action.
On October 7, 2013, petitioner filed a petition for permission to resign as administrator and a petition for judicial settlement *326 of her account. On the same date, decedent’s son Stefan filed a petition for letters of administration DBN, premised on the resignation of petitioner. None of the further steps required to move these petitions to conclusion was ever undertaken by petitioner or Stefan. On October 22, 2014, the court dismissed all three of these petitions, pursuant to SCPA 209 (8).
The original attorney of record for this estate was James P. Byrd, PC., James P. Byrd, Esq., of counsel. On February 3, 2016, a consent to change attorneys was filed with the court, substituting Sullivan, Hess & Youngblood, PC., Jeffrey G. Sullivan, Esq., of counsel, as new counsel for the estate.
Petitioner filed a petition with the court on August 17, 2016 requesting leave to allocate and distribute the proceeds of settlement of a cause of action for the conscious pain and suffering and wrongful death of the decedent, and to have her account of proceedings as administrator judicially settled. Included in the exhibits to the petition is a copy of an order of the United States District Court for the Northern District of New York dated October 5, 2015, approving a $900,000 settlement of a wrongful death and civil rights action brought by petitioner as administrator of decedent’s estate (the District Court order). The District Court order approved payment to petitioner’s litigation counsel, Elmer Robert Reach, III, Esq., of attorneys’ fees of $298,955.71, plus disbursements of $2,535.41, pursuant to the terms of his retainer with the estate. The District Court order directs that the settlement proceeds be deposited “in an insured, interest bearing escrow account for the benefit of the distributees of the Estate,” and that the amounts allowed for attorneys’ fees and disbursements not be paid “until the filing of a petition for allocation and distribution, or upon a separate application before the Broome County Surrogate’s Court.”
The administrator’s account, filed with this petition, encompasses both the original assets set forth in petitioner’s 2013 accounting and the proceeds of the wrongful death action. Debts and administration expenses are set forth, albeit not all the debts listed on schedule D of the 2013 accounting. An additional affidavit filed October 11, 2016 corrects that deficiency. The petition and account are supported by an affidavit from attorney Reach.
The petition seeks this court’s approval of an allocation of 50% of the net settlement proceeds to decedent’s pain and suffering, distributable to his estate, with the other half of the net *327 proceeds allocated to the decedent’s wrongful death claim, distributable to the decedent’s distributees pursuant to the Kaiser formula. Payment of creditors’ claims and fiduciary commissions is also requested. Finally, the petition requests separate awards of attorneys’ fees to both attorney Byrd, prior estate counsel, and attorney Sullivan, current estate counsel.
A citation was issued to decedent’s distributees, the New York State Department of Taxation and Finance, the Department of the Treasury/Internal Revenue Service, the Law Office of James P. Byrd, P.C., and other creditors of the estate. The citation was returnable on October 16, 2016. A notice of appearance and objections were filed by the New York State Department of Taxation and Finance in advance of the return date. Attorney Sullivan reports resolution of the Department’s objections, but no documentation has yet been filed. Attorney Sullivan has also advised the court that the Internal Revenue Service, while not appearing, has communicated with him and the administrator with an updated payoff figure for decedent’s federal tax liability which is substantially higher than the figure reported in the accounting. Efforts are also underway to resolve that obligation.
After the citation was issued, waivers and consents to the requested relief were received from both Stefan Haag and Katie Haag, decedent’s sole distributees and beneficiaries. There being no objection, the requested allocation of 50% of the net settlement proceeds to the pain and suffering claim and 50% to the wrongful death claim is approved.
Pending the resolution of the issues with the two creditors, the court turns to the issue of approval of the requested attorneys’ fees. Initial review of the petition revealed that the requested fees may be inconsistent with New York law relating to fees in wrongful death proceedings. (See Matter of Bender, 50 Misc 3d 1207[A], 2015 NY Slip Op 51929[U] [Sur Ct, Broome County 2015].) Also, no affirmations of services or detailed time records were submitted by either attorney Byrd or attorney Sullivan. Both are required for court approval of fees.
Counsel for the estate were advised of the requirement for affirmations of services and also the potential impact of the Bender decision, and were invited to make submissions to the court in advance of this decision on the legal fees. A detailed affirmation of services from attorney Byrd was filed on October 14, 2016; one from attorney Sullivan was filed on November 23, 2016. Attorney Keach submitted a letter memorandum to the court, filed October 31, 2016.
*328 At the outset, the court recognizes that attorney Reach’s efforts have led to a substantial benefit to decedent’s beneficiaries in a difficult case. Civil rights cases involving the deaths of incarcerated individuals are very challenging, given the high standards associated with proving claims for deliberate indifference and excessive force under federal law.
The issues for determination by this court are the appropriate amount of fees to be allowed to attorneys Byrd and Sullivan and the appropriate source of payment of those fees. The determination of attorneys’ fees allowable in the underlying wrongful death action was made in the District Court order. The setting and allocation of attorneys’ fees for the underlying estate work remains subject to New York State law, as applied in and by the New York State Surrogate’s Court.
The surrogate has jurisdiction and responsibility to review attorneys’ fees, even though no party objects to them. (Matter of Stortecky v Mazzone, 85 NY2d 518 [1995].) Petitioner’s retainer agreements with counsel are not binding on this court. (Matter of Lanyi, 147 AD2d 644 [2d Dept 1989]; Matter of Bender, Matter of Warhol, 165 Misc 2d 726 [Sur Ct, NY County 1995]; Matter of Duke, NYLJ, May 3, 2000 at 28, col 6 [Sur Ct, NY County 2000]; Roberts v Moore, 74 Misc 2d 709 [App Term, 1st Dept 1973].)
A retainer agreement dated April 5, 2013 was entered into between Mr. Reach and decedent’s distributees. Neither of them was at that time, or ever became, the fiduciary of the decedent’s estate, so neither ever had authority to make a binding agreement with respect to representation on a claim which is solely within the authority of the administrator. (EPTL 5-4.1 [1].) Two years later, well after the petition to appoint Stefan Haag as administrator DBN was dismissed for failure to prosecute, attorney Reach submitted a letter to petitioner, asking her to execute the retainer agreement as fiduciary of decedent’s estate. Petitioner signed the letter forwarded by attorney Reach, but not the retainer agreement. Clearly, she intended the estate to be bound by the retainer agreement, and the fee awarded in the District Court order is consistent with it. The agreement provides for a contingency fee of one third of the settlement amount, after payment of disbursements.
In each Department, the amount of legal fees under a contingency fee arrangement in a wrongful death proceeding is limited by court rule. In the Third Department, that rule is 22 *329 NYCRR 806.13. This case falls within schedule B of rule 806.13, which specifically provides that where a contingency arrangement calls for a one-third fee, counsel cannot be paid more than that amount, even under what might be deemed extraordinary circumstances. (Matter of Bender) Matter of Falu, NYLJ, Jan. 22, 2015 at 24, col 5 [Sur Ct, Kings County 2015]; Matter of Kulaya, NYLJ, Jan. 8, 2013 at 22, col 4 [Sur Ct, NY County 2013].)
Some case law supports a “reasonable charge” for the administrative work associated with settling a wrongful death proceeding. The precedent is distant and the awards are truly modest. (Matter of Bender.) Current precedent is consistent with rule 806.13. (Id.) Matter of Falu) Matter of Kulaya) Estate of Singh, NYLJ, Nov. 23, 2009 at 21, col 1 [Sur Ct, Kings County 2009] [total counsel fees limited to contingent fee, with 90% awarded to trial counsel and 10% to administrative counsel]; Matter of Hai, 25 Misc 3d 236 [Sur Ct, Kings County 2009] [total counsel fee limited to one third, with 85% allowed to trial counsel and 15% to administrative counsel].) The rule has been recently applied by this court, in proceedings arising both in the New York Supreme Court and Federal District Court. (Matter of Bender) Matter of Lundy, 50 Misc 3d 1208[A], 2016 NY Slip Op 50027[U] [Sur Ct, Broome County 2016].)
Attorney Keach argues that this case is distinguishable from Bender and Lundy because there are other assets and liabilities in this estate, beyond the wrongful death proceeding, and it would be inequitable to apply the compensation limitation of rule 806.13 to preclude separate attorneys’ fee awards for work unrelated to the wrongful death action. Neither the rule, nor cases found by the court on this issue, specifically address this issue.
This estate, while modest but for the wrongful death action, was complicated by the multiplicity of creditor claims, including tax obligations and the ultimate foreclosure of the mortgage on decedent’s house. The court is persuaded that to require all estate attorneys’ fees in this case to be paid from the fees authorized in the District Court order, even though unrelated to the wrongful death action, is indeed inequitable. To hold otherwise would give rise to a particularly anomalous result in an estate where a wrongful death action is a relatively modest asset of an otherwise complex and substantial estate.
The court has reviewed the affirmations provided by attorney Byrd and attorney Sullivan. To the extent that the work *330 undertaken by them is directly related to this wrongful death claim, it will be directed to be paid for from the attorneys’ fees allowed in the District Court order. To the extent that it is unrelated, or peripherally related, to the wrongful death proceeding, attorneys’ fees, as set by the court, will be allowed against the estate.
Such a holding is consistent with rule 806.13 and precedent. In this court’s Bender and Lundy cases, the wrongful death action was the only estate asset. None of the other reported cases include discussion of assets beyond the wrongful death actions, though it may be there were other estate assets or complications. This holding leaves fee determinations in the sound discretion of the surrogate’s courts, based on the facts and circumstances of each estate.
This determination is also consistent with the District Court order. The District Court order provides that “counsel shall not seek any further attorneys’ fees for work concluding the administration of Decedent Frederick Haag’s Estate,” and “[a]ny additional legal representation required in the Broome Surrogate’s Court beyond Attorney Keach’s efforts will be addressed and approved by the Surrogate’s Court as an expense of the Estate.” This language acknowledges the authority and responsibility of the Surrogate’s Court to review and set attorneys’ fees for estate administration. As discussed at length above, under New York law, legal work associated with the wrongful death action is within the scope of work included in the fee allowance in that action. Additional compensable legal representation is required only to the extent there are other estate issues which also need to be concluded to close the estate. To the extent attorney Byrd and attorney Sullivan addressed) those other issues, their allowed fees will be allocated against the estate.
This court’s action is not in derogation of the Supremacy Clause of the United States Constitution. The issues at hand are neither the subject of the United States Constitution nor laws of the United States. New York State law relating to a decedent’s estate is at issue. Clearly, in entering the order for settlement of this case, the District Court intended to apply and comply with New York statute and rules, including provisions relevant to attorneys’ fees. (In re Goldstein, 430 F3d 106, 108 [2d Cir 2005].)
Attorney Reach asserts that this court’s review of and potential impact on the fees allowed in the District Court order *331 is outside of its purview. The case cited for this proposition, Stewart v New York City Tr. Auth. (125 AD3d 129 [1st Dept 2014]), is inapposite. It deals with an attorney charging a separate fee for appeal of a trial verdict, where his retainer agreement specifically provided for that fee. The Stewart court found there is no inherent authority to review fees sua sponte, except in certain situations (id. at 133-134, citing State of New York v Philip Morris Inc., 308 AD2d 57 [1st Dept 2003], lv denied 1 NY3d 502 [2003]). One exception is surrogate’s courts’ inherent authority to set legal fees in connection with the settlement of an estate. (Id. at 68, citing Stortecky v Mazzone.)
Attorney Reach also argues that he is not a party to this proceeding and thus not subject to the court’s jurisdiction. He is correct that he is not a party. Attorney Reach and attorney Sullivan are effectively cocounsel for the estate in Surrogate’s Court. (EPTL 5-4.6 [a] [3].) Attorneys for parties are unquestionably subject to the court’s jurisdiction and direction.
Finally, attorney Reach alleges that had he been aware of the law in this area, he would have done some of the estate work himself, to avoid some of the other attorneys’ fees which might be allocated against the fees awarded in the District Court order. That is not a basis for this court to render a decision inconsistent with New York law. This decision should inform counsel’s practice in the future.
The criteria to be used by the court in reviewing and setting the fee for handling an estate are well established in New York, and include the nature of the services, the size of the estate, the skill and responsibility of the lawyers, their experience and reputation, the results obtained, the time spent, and the customary fee for such services. (Matter of Freeman, 34 NY2d 1 [1974]; Matter of Potts, 213 App Div 59 [4th Dept 1925], affd 241 NY 593 [1925]; Matter of Gutchess, 117 AD2d 852 [3d Dept 1986].)
After reviewing Byrd’s attorney affirmation in light of the above criteria, the court finds a reasonable fee for his efforts in this matter is $6,000. The bulk of that amount—$5,000—is determined to be unrelated to the wrongful death proceeding, and thus allocable against the net estate before distribution. The balance of $1,000 is determined by the court to be related to the wrongful death proceeding and thus payable from the attorneys’ fees awarded in the District Court order. Disbursements of $11.80 are also allowed from the estate.
After reviewing Sullivan’s attorney affirmation using the same factors, the court finds a reasonable fee for his efforts to *332 date in this matter is $10,000. Of that amount, $6,000 is determined to be unrelated to the wrongful death proceeding, and thus allocable against the net estate before distribution. The balance of $4,000 is determined by the court to be related to the wrongful death proceeding and thus payable from the attorneys’ fees awarded in the District Court order.* Disbursements of $64.50 are also allowed, as are the filing fees totaling $1,660 set forth in paragraphs 15 and 16 of this petition.
Attorney Sullivan continues to incur time and expenses associated with resolution of the outstanding claims of the New York State Department of Taxation and Finance and the Internal Revenue Service. Neither of those open issues is related to the wrongful death proceeding, so any additional fees allowed by the court upon completion of those issues and the final closure of the estate will be allocable against the net estate, before distribution.
The legislature enacted EPTL 5-4.6 to confirm the procedure for trial counsel to obtain timely compensation for their efforts in wrongful death matters. The procedures in that statute are intended to be strictly adhered to by practitioners seeking relief in supreme or federal court. The surrogate’s courts are similarly obligated to ensure the statute has been complied with. The District Court order does not strictly comply with the provisions of EPTL 5-4.6 (a) (2), in that it does not require submission to the District Court of proof of filing of the petition for allocation and distribution in the Surrogate’s Court prior to the release of the approved attorneys’ fees. While this court could order the return of the fees on that basis, it deems the deficiency not sufficient to compel that result. (See Matter of Stokes [Groves], 36 Misc 3d 474 [Sur Ct, Queens County 2012].)
The open issues that preclude closure of this estate appear to be insubstantial in relation to the overall proceedings. Moreover, those creditors’ claims will only be payable from the net estate, not from the wrongful death portion of the recovery. The court would entertain a proposed order allowing for distribution of the net wrongful death portion of the funds and some portion of the net estate funds, with an appropriate balance retained in the estate to cover the open issues.

 The court’s determination results in $5,000, or 1.7% of the allowed fee in the wrongful death proceeding going to “administrative counsel” of the estate, with the other 98.3% of the wrongful death fee remaining with litigation counsel. This is well within the precedential parameters.